464 So.2d 876 (1985)
Marilyn Adams, wife of/and Earl ADAMS
v.
DENNY'S INC. et al.
No. CA 2280.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
Writ Denied April 19, 1985.
Roger J. LaRue, Jr., Metairie, for plaintiffs-appellants.
James R. Sutterfield, R. Joshua Koch, Jr., James M. Walker, Camp, Carmouche, Barsh, Hunter, Gray & Hoffman, New Orleans, for defendants-appellees.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
This is a suit by Mr. and Mrs. Earl Adams, plaintiffs, seeking worker's compensation benefits for Mrs. Adams for injuries she sustained when she fell down while on her job as a waitress. In the same suit they seek damages for the wrongful death of their unborn child with whom Mrs. Adams was pregnant at the time of the accident. They allege that the accident was caused by the negligence of Mrs. Adams' employer, Denny's Inc. The trial court granted defendants' motion for partial summary judgment and dismissed plaintiffs' tort claim. Plaintiffs have appealed. The issue is whether the exclusiveness of *877 the worker's compensation remedy bars plaintiffs' wrongful death claim for their unborn child.
Louisiana worker's compensation law contains the following pertinent provisions:
R.S.23:1031 "If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation..."
R.S.23:1021: "As used in this Chapter, unless the context clearly indicates otherwise, the following terms shall be given the meaning ascribed to them in this Section:
* * * * * *
(7) `Injury' and `personal injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted." R.S.23:1032: "The rights and remedies herein granted to an employee or his dependent on account of an injury... shall be exclusive of all other rights and remedies of such employee ..." R.S.23:1166: "When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer's business ... claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the worker's compensation act."
From these statutes it is clear that the trial court correctly dismissed the wrongful death action if the loss of the unborn child was an "injury" within the exclusivity provisions of Sections 1032 and 1166 of the act. The question then becomes whether this loss fits Section 1021's definition of "injury" as one to the physical structure of Mrs. Adams' body. Plaintiffs are not claiming in their tort suit any expenses or damages for pain and suffering in connection with her miscarriage. All of this was included in the worker's compensation claim. What is included in the tort claim is the loss of the fetus exclusively, that is, the claim is for the pain they have experienced and will continue to experience because of being deprived of their unborn baby.
In Danos v. St. Pierre, 402 So.2d 633 (La.1981) the right of parents to recover for the wrongful death of their unborn child was recognized for the first time. One reason given by the court was the legislative pronouncement in Act 256 of 1976 that a human being exists from the moment of fertilization and implantation. Since this is so it cannot be said that the fetus is merely a part of "the physical structure of the body" of the mother such that its death constitutes an "injury" as defined by Section 1021(7). In Danos the court specifically approved of the reasoning of our predecessor court in Johnson v. South N.O. Lt. & Traction Co., No. 9,048 (Orl.App.1923) which rejected the notion that an unborn child is part of its mother's anatomy.
Since the loss of the child is not an "injury" as defined by the compensation act, the exclusivity sections, 1032 and 1166, do not even purport to bar an action for such loss, any more than they would prevent an employee from recovering damage to or loss of property from his negligent employer outside of compensation benefits if, for instance, he was injured and his automobile wrecked while being driven by a co-employee and while both were engaged in the employer's business. Nor would the exclusivity provisions prevent a waitress and her husband from bringing a tort action for the loss of her infant child if, for instance, she had been permitted to bring the child to her place of work and while holding the child slipped and fell because of the employer's negligence with the result that the child was killed. No one could successfully argue that the employee's claim as to the car in the first instance or the claim for the death of the baby in the second constituted claims for "injury" which means violence to the "physical structure of the body" of the employee. The same reasoning applies to the unborn *878 child who is a person, a human being, and not merely a piece of tissue from the mother's body.
Defendants place great reliance on Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832 (1962) in which the supreme court held that a waitress-employee and her husband could not maintain a tort action against her employer for damages she sustained from falling down on the job and suffering a miscarriage. While flatly holding that Section 1166 prevented such action, the case was decided long before the Danos case which now dictates a different result. In Bergeron the court did not even consider that the parents were claiming damages for the wrongful death of their unborn child as a cause of action separate and distinct from the mother's worker's compensation action for her injuries. And they could not, because, until Danos was decided, there was no cause of action in Louisiana for the wrongful death of an unborn child.
Accordingly, the judgment dismissing plaintiffs' wrongful death action is reversed and set aside and there is judgment in favor of plaintiffs and against defendants, overruling defendants' motion for partial summary judgment. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against defendants; other costs are to await the outcome of the case.
REVERSED AND REMANDED.
WILLIAMS, J., concurs in the result.