552 So.2d 730 (1989)
Keith A. CUSHING, For and on Behalf of the Minor, Richard A. BREWER
v.
TIME SAVER STORES, INC., et al.
No. CA 88 1437.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
Writ Denied January 26, 1990.
David W. Robinson, Baton Rouge, and Marlise O. Harrell, Hammond, for plaintiff, appellant.
Dermot S. McGlinchey, New Orleans, for defendant, appellee.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
COVINGTON, Chief Judge.
In this case of first impression, plaintiff appeals the dismissal of his suit on the basis of a peremptory exception raising the objection of no cause of action. The issue this court is asked to consider is whether the claims against an employer by an employee's child for the child's own injuries, sustained while he was still in utero, resulting from a work-related accident involving his mother, are barred by the exclusivity provisions of the Louisiana Worker's Compensation Act.

FACTS
Plaintiff alleges in his petition that he is the duly qualified undertutor of the minor, Richard Anthony Brewer, child of Carolyn Buckley and Thomas Brewer, who are married but legally separated. The petition states that the child was born prematurely on January 31, 1987, after an accident on January 19, 1987, at the Time Saver Store where Mrs. Brewer worked, which caused an abruptio placenta with resulting severe birth defects, including permanent brain damage. The accident happened when Mrs. Brewer was performing record-keeping duties in a back room of the store, which was devoid of office furniture, so *731 that she was forced to sit on boxes and use crates and plywood as a surface for an adding machine. Plaintiff alleges that the boxes shifted, Mrs. Brewer fell, and the adding machine fell on her abdomen.
Immediately thereafter, Mrs. Brewer experienced problems, including pain, cramping, discharge and spotting of blood which continued until the infant's premature delivery 12 days later with numerous attendant problems. The petition seeks damages for the child's injuries and expenses only, from Time Saver Stores, Inc., and from Gary LeBlanc, the district supervisor of the particular store at which Mrs. Brewer was working.
Plaintiff alleges that Time Saver is liable for the minor's damages under LSA-C.C. arts. 2315 and 2317 in failing to provide its employee a safe place to work and adequate furnishings and equipment for performance of her duties. Damages are claimed from defendant LeBlanc for allegedly failing to properly supervise the layout and furnishing of stores in his district and for failing to provide Time Saver employees with a safe place to work.
The defendants filed an "Exception of No Cause of Action," urging that the petition fails to state a cause of action in tort. They averred that the sole and exclusive remedy for employees and their dependents for accidents which occur in the course and scope of employment is worker's compensation. The trial judge agreed with them and maintained the exception, dismissing plaintiff's suit. This appeal followed.

DOES LA.R.S. 23:1031 ET SEQ. BAR PLAINTIFF'S TORT CLAIM?
The objection of no cause of action asserted in a peremptory exception tests the legal sufficiency of the petition and all allegations of the petition are accepted as true. An objection of no cause of action is sustained only when the law affords no remedy to plaintiff under the allegations of his petition. If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled. Harris v. Steele, 506 So.2d 542 (La.App. 1 Cir.1987), writ denied, 511 So.2d 1155 (La.1987).
The defendants argue that under the worker's compensation statutes, there is simply no tort remedy available to either the employee or his dependent because the accident occurred while the child's mother was in the course and scope of her employment. They point to the language of La. R.S. 23:1032 as the bar to plaintiff's action. This statute reads in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease.
Defendants also rely on the language of several cases in which various claims in tort by employees' dependents or other family members were uniformly rejected. They contend that these cases recognize that the exclusivity bar applies even though the family members assert claims for separate injuries, distinct from those suffered by the employees themselves, such as a loss of consortium.
We disagree. After a thorough consideration of the statutes and jurisprudence, we conclude that the Louisiana Worker's Compensation Act does not apply in this instance to bar the plaintiff's claim.
The Act itself and all jurisprudence construing its various provisions, up to this time, have been focused on injuries to employees, and resultant losses by them and certain of their family members, based on the injuries to the employees. With regard to the losses of the family members, these might be economic, such as a loss of support because the injured employee was no longer coming home with a pay check, or they might be intangible, such as a loss of consortium because the injured employee was no longer there to participate in family *732 life. However, these losses, while rightfully termed "separate and distinct" and "independent" from those injuries sustained by the employee, always hinged upon the injuries of the employee. Because Dad or Mom suffered an injury, the family suffered a loss based on that injury. Thus, the claims of the family members were derivative of the employee's injury, even though the language utilized in the cases recognized an individual loss sustained by each family member, albeit one for which no claim could be asserted.
Such is not the case in this instance, under the allegations of the petition which we must accept as true. Here, the employee's child has alleged injuries which are in no way derivative of the mother's injury. Whether Mom is there to continue bringing home a pay check or to participate in the child's life has no relevance to this child's alleged brain damage. We will not indulge in an exercise in semantics to distinguish the dicta and terminology of previous decisions. Nor will we engage in a lengthy discussion of the history of the legislation and the intent of the Legislature.
We find that the Louisiana Worker's Compensation Act was neither intended nor purports to affect the rights of an employee's child who is injured on the employee's job site.[1] References throughout the Act's provisions to employees' dependents and children are in the context of claims arising out of the employees' injuries, not the children's injuries. We will not distort the clear meaning of the Act to reach the result suggested by defendants.
LSA-C.C. art. 26 provides in pertinent part that "[a]n unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception." Thus, it would be incorrect to make any distinctions because the child here was not yet born at the time of the accident which allegedly caused the injuries. He is entitled to assert a cause of action in tort against his mother's employer in the same way that a child already born, who was injured on the mother's job site, could assert such a claim.
For these reasons, we reverse the judgment of the trial court maintaining defendants' exception. We remand this case for further proceedings on the merits.
Costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED.
NOTES
[1] Counsel for plaintiff cites Adams v. Denny's Inc., 464 So.2d 876 (La.App. 4 Cir.), writ denied, 467 So.2d 530 (La.1985), in support of his position. In Adams, an employee-mother and her husband were allowed to assert a claim in tort against the employer for the loss of their unborn child. The mother had fallen on the job and consequently suffered a miscarriage. Our brethren in the Fourth Circuit held that loss of the unborn child was not an "injury" as defined by the compensation act, and thus the exclusivity sections did not purport to bar an action for this loss.

Since the case sub judice is factually different from Adams, and no claim is being asserted by the mother for the child's injuries, we do not rely on that decision to reach our result here.