**Brandon THOMPSON, et al., Plaintiffs,**

v.

**PIZZA HUT OF AMERICA, INC., Defendant.**

**No. 89 C 6496.**

United States District Court, N.D. Illinois, E.D.

July 11, 1991.

Rick A. Gleason, Fritzhall & Gleason, and Curt A. Rodin and Mark Novak, Anesi, Ozman & Rodin, Chicago, Ill., for plaintiffs.

David A. Kanter, David M. Simon and James David Fiffer, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Brandon Thompson ("Thompson"), a minor, through Debra Christopher ("Christopher"), his mother, filed this action against Pizza Hut of America, Inc. ("Pizza Hut"). Plaintiff Thompson seeks damages for injuries he suffered while *in utero* allegedly caused by the defendant's negligent acts. Pizza Hut has moved for summary judgment under Fed.R.Civ.P. 56. For the reasons stated below, Pizza Hut's motion is denied.

### I. FACTS

In December, 1984, Christopher was employed at the defendant's restaurant located in Zion, Illinois. At that time, Christopher was in her first trimester of pregnancy with the plaintiff, Thompson. During the installation of a computer system, Pizza Hut's ventilation and exhaust system failed and Christopher was exposed to carbon monoxide and other fumes over a three-day period. Christopher complained to the defendant over this three-day period of excessive heat, tearing of her eyes, headaches and nausea. On August 3, 1985, Thompson was born with "severe and disabling birth defects." Thompson now seeks recovery for his personal injuries which allegedly were caused from his mother's exposure to carbon monoxide due to Pizza Hut's negligence.

### II. JURISDICTION

Thompson is a citizen of Iowa and Christopher is a citizen of Texas. Pizza Hut is a Delaware corporation with its principal place of business in Kansas. Thus, there is diversity jurisdiction under 28 U.S.C. § 1332. Diversity cases are governed by the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In tort actions, Illinois choice of law rules apply the law of the state where the injury occurred. *Ferguson v. Kasbohm*, 131 Ill.App.3d 424, 86 Ill.Dec. 605, 475 N.E.2d 984 (1st Dist.1985). Because plaintiff Thompson's alleged injury occurred in Illinois, Illinois law applies.

### III. PIZZA HUT'S MOTION FOR SUMMARY JUDGMENT

The issue in this case is whether the Illinois Workers' Compensation Act (the "Act") bars a child from bringing suit against its mother's employer for fetal injuries the child incurred while the mother was acting as an employee in the course of her employment.[1] Defendant argues that Thompson's claim against Pizza Hut is barred by §§ 3 and 11 of the Act and that Pizza Hut is entitled to a judgment as a matter of law. The Act applies automatically to Pizza Hut because the restaurant business is an extra hazardous activity under § 3 of the Act. Ill.Rev.Stat. ch. 48, ¶ 138.3(14). As an employer covered under the Act, Pizza Hut's liability for injuries sustained by its employees during the course of their employment is limited to

---

1. For purposes of this motion for summary judgment, we will assume that Thompson's injuries were caused by defendant's negligence.

amounts set forth in the Act. Ill.Rev.Stat. ch. 48, ¶ 138.11.

It is Pizza Hut's contention that the exclusive remedy doctrine of the Act bars Thompson from bringing a common law cause of action against the defendant because Thompson's injuries derive from injuries suffered by Christopher in the course of her employment by Pizza Hut. Defendant relies on *Bell v. Macy's California,* 212 Cal.App.3d 1442, 261 Cal.Rptr. 447 (1st Dist.1989) to support its position. In *Bell,* the California Appellate Court applied the derivative injury doctrine to injuries sustained by a fetus which occurred in the course of the mother's employment and barred recovery based on the exclusive remedy provision of the state's worker's compensation law. *Id.* at 1453 n. 6, 261 Cal.Rptr. at 454 n. 6. The *Bell* court based its holding on the inseparability of the fetus *in utero* from its mother, stating that any injury to the fetus can only occur as a result of a condition which affects its mother. *Id.* Furthermore, the court reasoned that to hold otherwise would lead to discrimination by employers in their hiring policies toward women out of fear of unlimited liability for fetal injuries suffered by employees' unborn children. *Id.* at 1454, 261 Cal.Rptr. at 455.

However, a Louisiana court has come out differently on this same issue, (a fact which the defendant failed to point out). *See Cushing v. Time Saver Stores, Inc.,* 552 So.2d 730 (La.Ct.App.1989). In *Cushing,* a child brought an action against his mother's employer for injuries the child sustained while *in utero* due to an on-the-job injury to his mother. The Louisiana Court of Appeals held that the state's worker's compensation act did not prevent the child from bringing the tort claim against his mother's employer. *Id.* at 731. The court distinguished cases where it had rejected tort claims brought by the employees' family members which stemmed from injuries to the employees. *Id.* Unlike those cases, the *Cushing* court reasoned that the injuries sustained by the child while *in utero* did not derive from injuries to the employee mother. Thus, the child "is entitled to assert a cause of action in tort against his

mother's employer in the same way that a child already born, who was injured on the mother's job site, could assert such a claim." *Id.* at 732.

We agree with the Louisiana court and hold that Thompson's cause of action for injuries he incurred while *in utero* is not barred by the exclusive remedy doctrine of the Act. The language of § 5(a) of the Act states:

No common law or statutory right to recover damages from the employer ... *for injury or death sustained by any employee* while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury.

Ill.Rev.Stat. ch. 48, ¶ 138.5(a) (emphasis added). Thus, Illinois courts have rejected common law claims made by spouses and children of injured employees which are *based on the employee's injury.* See *Block v. Pielet Bros. Scrap and Metal, Inc.,* 119 Ill.App.3d 983, 75 Ill.Dec. 515, 457 N.E.2d 509 (1st Dist.1983) (court denied claim for loss of consortium brought by child of injured employee); *Bloemer v. Square D. Co.,* 8 Ill.App.3d 371, 290 N.E.2d 699 (1st Dist.1972) (court rejected claim for loss of consortium brought by wife of injured employee). Even though the employees' family members might claim injuries of a different nature than those suffered by the employee, the family members' claims will be denied as long as they derive from the employee's injury.

In this case, however, Thompson is bringing a claim *based on his own injuries* which occurred while *in utero.* In Illinois, a child may bring a cause of action against a party for prenatal injuries suffered by the child. *Sana v. Brown,* 35 Ill.App.2d 425, 183 N.E.2d 187 (1st Dist.1962); *Daley v. Meier,* 33 Ill.App.2d 218, 178 N.E.2d 691 (1st Dist.1961). To have status to bring the cause of action it makes no difference

whether or not the fetus is viable at the time the injury occurs. *Id.*

We agree with the defendant that the underlying policy of the Act is to provide a no-fault system of compensation which limits the employer's overall liability. *See Kotecki v. Cyclops Welding Corp.*, No. 68568, slip. op. at 3 (Ill.S.Ct.March 9, 1991). But, the Act does not alter an employer's liability to non-employees who are injured as a result of the employer's negligence.

Nor can we accept Pizza Hut's contention that allowing children to bring tort claims against their parents' employers for injuries the children receive while *in utero* will lead to discriminatory policies against women in the workplace. The Supreme Court recently decided this issue in *International Union v. Johnson Controls, Inc.*, — U.S. —, 111 S.Ct. 1196, 113 L.Ed.2d 158 (1991). *Johnson Controls* held that the bona fide occupational qualification provision of Title VII, and the Pregnancy Discrimination Act forbids employers from discriminating against women because of their capacity to become pregnant, so long as their reproductive capacity does not prevent them from performing their job duties. *Id.* 111 S.Ct. at 1209–10. Furthermore, any "incremental cost of hiring women cannot justify discriminating against them." *Id.* 111 S.Ct. at 1209. Therefore, we must conclude that Thompson may bring a cause of action against Pizza Hut for fetal injuries he incurred due to Pizza Hut's alleged negligence. Pizza Hut's motion for summary judgment is denied.