During the course of her employment with Akzo Chemicals, Inc., Mary C. Namislo was exposed to mercury. During that employment, she became pregnant with Amber Namislo. As a result of the exposure to mercury, Mary and Amber both suffer from mercury poisoning.
Mary and her husband, Ricky E. Namislo, both of them acting individually and as parents and next friends of Amber, sued Akzo Chemicals, several co-employees, and Minnesota Mining and Manufacturing Company, alleging that Akzo Chemicals and the co-employees had negligently and wantonly caused the mercury poisoning and had negligently failed to warn the Namislos that the mercury created a dangerous condition at the plant. The Namislos also alleged fraud on the part of Akzo Chemicals and the co-employees, and they alleged the tort of outrage and "willful conduct" (as defined under the Alabama Workers' Compensation Act — see Ala. Code 1975, § 25-5-11(c)) against the co-employees. Ricky's claims were for Amber's medical expenses, loss of Amber's services, and loss of consortium. Mary's claims against Akzo Chemicals were for Amber's medical expenses and loss of Amber's services; Mary's claims against the co-employees were for Amber's medical expenses, loss of Amber's services, and her own personal injuries. The claim against Minnesota Mining and Manufacturing Company was based on the Alabama Extended Manufacturer's Liability Doctrine, but that claim is unrelated to the issues in this appeal.
The trial court dismissed all of the claims against Akzo Chemicals and all claims against the co-employees except for the willful conduct claims. The judgment of dismissal was made final pursuant to Rule 54(b), A.R.Civ.P. The Namislos appeal. *Page 575 
The Namislos argue that the exclusivity bar of the Alabama Workers' Compensation Act is not applicable to a minor plaintiff who is injured in utero and thus does not preclude the minor's cause of action against the employer of the minor's mother. Specifically, the Namislos argue that the Alabama Workers' Compensation Act is an exclusive remedy only where an employee is suing the employer for an injury sustained during the course of employment and that if an incident is outside the coverage of the Workers' Compensation Act, then the exclusivity provisions of the Act do not apply. The Namislos also contend that the exclusivity provisions of the Alabama Workers' Compensation Act do not bar their claims alleging fraud and outrage; and that Ala. Code 1975, § 25-5-11, does not apply to nonemployees and, therefore, that Mr. Namislo's and Amber's negligence and wantonness claims against the co-employees are not barred.
This Court has never addressed the issue of whether the exclusivity provisions in the Workers' Compensation Act apply to a minor injured in utero during the course of its mother's employment; however, in Thompson v. Pizza Hut of America, Inc.,767 F. Supp. 916 (N.D.Ill. 1991), the court held that the Illinois worker's statute (which is similar to the Alabama Workers' Compensation Act) does not preclude a minor's personal injury action against the employer of the minor's mother for injuries sustained by the minor in utero, and in Brewer v.Monsanto Corp., 644 F. Supp. 1267 (M.D.Tenn. 1986), the court, in construing an exclusivity provision similar to the ones in the Alabama Workers' Compensation Act, held that where the claims of the family-member plaintiffs (who, like the worker, were also allegedly exposed to toxic chemicals) do not arise from personal injury to the employee, but are based on their own personal injury, the claims are not within the scope of the Workers' Compensation Act and, therefore, that a common law suit is not within the workers' compensation exclusivity provisions.
In Thompson, the Court stated:
 "In this case . . . Thompson is bringing a claim based on his own injuries which occurred while in utero. . . .
 "We agree with the defendant that the underlying policy of the Act is to provide a no-fault system of compensation which limits the employer's overall liability. But, the Act does not alter an employer's liability to non-employees who are injured as a result of the employer's negligence."
767 F. Supp. at 918-19 (citations omitted; emphasis original).
Amber's claims, like the claims of the plaintiffs inBrewer and Thompson, do not arise from personal injury to Mary Namislo, the employee, but are based on her own alleged personal injury. Like the minor plaintiff in Thompson, Amber is not an employee, and her claims are not within the scope of the Alabama Workers' Compensation Act. Therefore, the exclusivity provisions of the Act do not bar Amber's personal injury action against Akzo Chemicals for injuries she claims to have sustained in utero.
We agree with the Thompson court and hold that the Alabama Workers' Compensation Act, like the Illinois Workers' Compensation Act, does not alter an employer's liability to nonemployees who are injured as a result of the employer's alleged negligence. Likewise, we hold that the exclusivity provisions of the Alabama Workers' Compensation Act do not bar the Namislos' fraud claims against Akzo Chemicals and do not bar Amber's claims against the co-employees based on fraud, outrage, negligence, and wantonness or Mary's or Ricky's claims against the co-employees for Amber's medical expenses and loss of Amber's services.[1] The trial court's judgment is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED. *Page 576 
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.
[1] Mary Namislo does not argue that the trial court erred in dismissing her claims relating to her own alleged personal injuries against the co-employees other than those based on "willful conduct."