618 So.2d 30 (1993)
John J. TRAHAN and Wanda Trahan, Plaintiffs-Appellants,
v.
TRANS-LOUISIANA GAS COMPANY, INC., d/b/a Trans-La (a Division of Atmos Energy Corporation), Defendant-Appellee,
Louisiana Intrastate Gas Corporation, et al., Defendants.
No. 92-811.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Aubrey Edward Denton, Charles K. Hutchens, for plaintiffs-appellants John J. Trahan etc.
Thomas Martin McNamara, George Arceneaux, III, for defendants-appellees Trans-La, et al.
*31 Keith Michael Borne, Michael Gonzales Durand, Allan Leland Durand, for defendant La. Intrastate Gas.
Lisa Diane Hanchey, for defendant-appellee Phillips 66.
Lawrence K. Gustafson, for defendantappellee Energas.
Mark J. Spansel, for defendant-appellee Natural Gas.
Before DOMENGEAUX, C.J., and GUIDRY and WOODARD, JJ.
DOMENGEAUX, Chief Judge.
John and Wanda Trahan appeal the dismissal of their tort claims against John's employer, Trans-Louisiana Gas Company, Inc. (Trans-La) on an exception of no cause of action. The trial court granted the exception after concluding that the plaintiffs' exclusive remedy was in worker's compensation.
The plaintiffs base their suit on the following allegations: On May 15, 1990, John Trahan collapsed at work and suffered "neuro-toxic" injuries after being exposed to excessive amounts of certain chemicals, including mercaptan, an odorant that is injected into odorless natural gas for safety reasons. Contaminated natural gas supplied by Louisiana Intrastate Gas Company, another defendant herein, neutralized the effect of mercaptan, resulting in the use of mercaptan in concentrations several thousand times over the maximum recommended exposure. Trans-La had actual knowledge that Trahan had become ill on two prior occasions after conducting "unprotected sniff tests" of the contaminated natural gas and mercaptan. On the day of his collapse at work, Trahan was instructed to remove contaminated odorant from an underground tank so that fresh mercaptan could be injected into the gas supply. He attempted to avoid performing this task on the basis that he had become ill when exposed to the odorant on two prior occasions, but he was instructed to perform the task anyway. Trans-La's violations of state and federal safety regulations were so blatant as to render the harm done to Trahan substantially certain to occur, and that after such a level of unprotected exposure to mercaptan (and other chemicals), it was virtually impossible that Trahan would not become ill.
To avoid the general rule that an employee's exclusive remedy for a job related injury is worker's compensation, the employee must prove that the injury resulted from an intentional act. La.R.S. 23:1032; Bazley v. Tortorich, 397 So.2d 475 (La.1981). The meaning of intent in this context is that the defendant either (1) desired to bring about the physical results of his act or (2) believed they were substantially certain to follow. Bazley, p. 482.
In Carey v. UMC (United Mechanical Contractors), 553 So.2d 472 (La.1989), the Supreme Court summarily reversed the appellate court's affirmation of the granting of defendant's exception of no cause of action on this issue, stating:
Plaintiff's petition asserts that defendants intended to injure him or knew or should have known that his injury was substantially certain to follow. Conditions of the mind such as malice, knowledge, and intent may be alleged generally. La.C.C.P. art. 856. Furthermore, the purpose of the exception of no cause of action is to determine the sufficiency of the petition and is triable on the face of the papers. Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984). The merit of plaintiff's claim is to be determined after findings of fact upon motion for summary judgment or trial on the merits.
The order in Carey has been interpreted to imply that an exception of no cause of action is an improper vehicle to dismiss an intentional tort claim against a plaintiff's employer. Rose v. XYZ Cable Co., Inc., 600 So.2d 774 (La.App. 5th Cir. 1992). See Pickney v. Smith, 597 So.2d 1195 (La.App. 3d Cir.1992) for an example where the plaintiff overcame a no cause of action challenge yet failed to prevail on the merits on this issue.
Reviewing the allegations of the plaintiffs' petition, we find that they meet the "substantially certain" test of Bazley. *32 The plaintiffs have alleged that Trahan was exposed to amounts of mercaptan that were so excessive that it was virtually impossible for Trahan not to become ill. They allege that he did become ill on two prior occasions after such exposure, yet with this knowledge, his employer ordered him to proceed where he would again be exposed to the same chemicals. Under Bazley, intent is not limited to consequences which are desired. If the actor knows that the consequences are substantially certain to result from his act and still goes ahead, he is treated by the law as if he in fact desired to produce the result. See Major v. Fireman's Fund Insurance Co., 506 So.2d 583 (La.App. 4th Cir.1987), where similar allegations were held to create a genuine issue of material fact, defeating the defendant's motion for summary judgment. Accordingly, we conclude the trial court erred in granting Trans-La's exception.
The trial court also dismissed the claims of Wanda Trahan against Trans-La. Wanda seeks to recover for loss of consortium as a result of John's injuries as well as for her own personal injuries allegedly sustained from exposure to hazardous materials on her husband's contaminated clothing.
The exclusive remedy provision of the worker's compensation act also bars a consortium suit against the employer by the spouse and children of the injured employee. Theriot v. Damson Drilling Corp., 471 So.2d 757 (La.App. 3d Cir.1985), writ denied, 472 So.2d 907 (La.1985). However, in view of our ruling that John's intentional tort claim is still viable, we find the exception as to Wanda's loss of consortium claim must also be reversed.
Wanda has also alleged that she sustained injuries from exposure to hazardous chemicals present on her husband's clothing. Although the compensation act covers the injuries of family members that are based upon injuries to the employee, at least one court has held that the act did not bar the claims of a family member who was physically injured on the employee's job site. See Cushing v. Time Saver Stores, Inc., 552 So.2d 730 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1281 (La. 1990). We find the rationale of Cushing can be extended to the facts as alleged by Wanda. Accordingly, we also reverse the granting of the exception as to her claims for personal injuries.
For the above reasons, the judgment of the trial court is reversed, and the case is remanded for proceedings not inconsistent with this opinion.
Costs of this appeal are assessed to defendant-appellee, Trans-Louisiana Gas Company, Inc.
REVERSED AND REMANDED.