[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKETHE COMPLAINT
Cooney, Scully Dowling for plaintiff.
Riscassi Davis for defendant.
The issue in this case is whether the Workers' Compensation Act bars a child from bringing suit against his mother's employer for fetal injuries the child incurred while the mother was acting as an employee in the course of her employment.
Section 31-284(a) of the Workers' Compensation Act provides CT Page 7555 in pertinent part as follows:
 "All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter. . . ."
It is the defendant's contention that the exclusive remedy doctrine of the Act bars the plaintiff child from bringing this action because his injuries derive from the injuries suffered by his mother in the course of her employment. The court disagrees.
The Workers' Compensation Act and its interpretations have been focused on injuries to employees and resultant losses by them and certain of their family members, based on the injuries to the employees. With regard to the losses of the family members, these might be economic such as loss of support because the injured employee was no longer coming home with a paycheck, or they might be intangible, such as a loss of consortium. Such actions are derivative of the injured spouse's cause of action and are barred by the Workers' Compensation Act from bringing an independent action. Wesson v. Milford, 5 Conn. App. 369 (1985).
However, the court does not believe that the Act intended to affect the rights of an employee's child who is injured on the employee's job site. It has been held that "[a]n infant who has sustained injuries prior to birth, whether the infant is viable or not at that time, has a cause of action in negligence against the alleged wrongdoer." In re Valerie E., 25 Conn. App. 586 (citations omitted).
Thus, it would be incorrect to make distinctions because the child here was not born yet at the time of the incident. "He is entitled to assert a cause of action in tort against his mother's employer in the same way that a child already born, who was injured on the mother's job site, could assert such a claim." Cushing v.Time Saver Stores, Inc., et al., 552 So.2d 730, 732 (La.App. 1 Cir. 1989). Also, see Thompson, et al. v. Pizza Hut of America,Inc., 767 F. Sup. 916 (N.D. Ill. 1991); Namislo v. Akzo Chemicals,Inc., 620 So.2d 573 (Ala. 1993); Adams v. Denny's Inc., 464 So.2d 876
(LA. App. 4 Cir. 1985).
The Motion to Strike is denied. CT Page 7556
ALLEN, STATE TRIAL REFEREE