A95A1550. HITACHI CHEMICAL ELECTRO-PRODUCTS, INC.
et al. v. GURLEY et al.
A95A1551. HITACHI CHEMICAL ELECTRO-PRODUCTS, INC.
et al. v. JOHNSON et al.
(466 SE2d 867)

BLACKBURN, Judge.

This Court granted Hitachi Chemical Electro-Products, Inc.'s (Hitachi) interlocutory appeals in the above cases, based upon the trial court's denial of Hitachi's motions to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. Hitachi relied upon two theories: first, that plaintiffs' complaint is barred by the exclusive remedy provision of the Georgia Workers' Compensation Act, OCGA § 34-9-11; and second, plaintiffs' complaint is barred by common law to the extent that it seeks damages for pre-conception injuries.

Courtney Autumn Gurley and Brittany Johnson were both born suffering severe birth defects. Prior to the birth of their children, Clarence Gurley (Courtney's father) and John and Sheila Johnson

(Brittany's parents) worked at a semi-conductor factory owned by Hitachi Chemical Electro-Products, Inc. and Hitachi Chemical Company, Ltd. a/k/a Hitachi Kaesi Kogyo, K.K. (hereinafter collectively referred to as Hitachi). Courtney, Brittany and their parents brought actions against Hitachi alleging the birth defects suffered by Courtney and Brittany were caused when their parents were negligently and wilfully exposed to hazardous chemicals while working at the Hitachi factory.

The trial court ruled that plaintiffs' complaint did state a claim upon which relief could be granted and that the children's injuries were not derivative of any compensable injury to their parents and, hence, were not barred by the workers' compensation statute. The trial court also rejected Hitachi's contention that plaintiffs' claim is barred by common law to the extent that it seeks damages for preconception injuries.

1. In their complaint, Gurley and Johnson allege only that the harmful chemical exposure occurred prior to their births without specifying if the exposure was before or after their conception. Georgia has long recognized that a child may sue for injuries suffered in utero, *Peters v. Hosp. Auth. of Elbert County*, 265 Ga. 487 (458 SE2d 628) (1995) citing *Tucker v. Howard L. Carmichael & Sons, Inc.*, 208 Ga. 201, 202 (1) (65 SE2d 909) (1951), and Hitachi does not dispute that appellees' complaints state a claim for post-conception, *prenatal* injuries. Rather, Hitachi sought to dismiss appellees' claims to the extent that they sought relief for injuries sustained *prior to conception*. In a well-reasoned order, the trial court correctly denied Hitachi's contention, recognizing therein that this issue was not properly before it as plaintiffs had not specified that they sought damages for preconception injuries. As the trial court concluded, even if plaintiffs' complaint had specifically sought preconception damages, Hitachi's contention that such a claim is barred by common law is without merit.

Our Supreme Court has previously recognized the existence of a cause of action to an unconceived child in *McAuley v. Wills*, 251 Ga. 3 (303 SE2d 258) (1983). In *McAuley*, a woman passenger was rendered paraplegic when the car in which she was riding crashed. She sued the driver of the car for her injuries. The woman later became pregnant, and her child died shortly after being born. The infant's death was attributed to "[its] inability, due to the mother's paraplegia, to pass through the fetal course in an uneventful manner." Id. A complaint for wrongful death of the child was then filed against the driver. *McAuley* dealt with the issue of whether a cause of action for a preconception tort exists under Georgia law and, if so, when such a claim is allowable. The Supreme Court, quoting authority from other jurisdictions, recognized the existence of preconception tort liability under Georgia law, stating that "at least in some situations, a person

should be under a duty of care toward an unconceived child." Id. at 6 (5). While recognizing the cause of action, the Supreme Court decided the case on a proximate cause basis, holding that the facts presented in *McAuley* did not support the claim. Without denying that the driver's negligence caused the infant's injury, the Supreme Court determined that the relationship between the driver's negligence and the infant's death was "too remote for the law to countenance a recovery." Id. at 7. The Supreme Court described its decision to limit liability as "in the nature of a policy decision." Id.

Under Georgia law, a motion to dismiss for failure to state a claim will not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which can be proved. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *Oliver v. Irvin*, 230 Ga. 248, 249 (196 SE2d 429) (1973). Plaintiffs' complaint alleges that they were exposed to hazardous and dangerous chemicals prior to the birth of the children and that such prenatal exposure proximately resulted in their injuries, which allegations sufficiently state a claim upon which relief can be granted under Georgia law. *McAuley*, supra. We deal here only with the issues before us and do not infer any opinion as to other issues which are not before us, i.e., proximate cause.

2. The present actions are not barred by the exclusivity provision of Georgia's Workers' Compensation Act. The exclusivity provision, which is contained in OCGA § 34-9-11, provides in pertinent part that "[t]he rights and the remedies granted to *an employee* by this chapter shall exclude all other rights and remedies of *such employee*, his personal representative, parents, dependents, or next of kin, at common law or otherwise, *on account of such injury*, loss of service, or death." (Emphasis supplied.)

In the present actions, the plaintiffs seek compensatory damages for injuries to their minor children proximately caused by the parents' and the children's exposure to hazardous chemicals at the parents' workplace. The children's claims for damages are not derivative of any claim that could be asserted by their parents but are entirely separate and distinct from any claim which could possibly be asserted by their parents for work-related injuries. The minor children are therefore third-party plaintiffs whose claims are not contemplated by the Workers' Compensation Act and whose injuries the act was not designed to protect.

In *Cushing v. Time Saver Stores*, 552 S2d 730 (La. Ct. App. 1989), a Louisiana appellate court interpreted a similar exclusivity provision, holding it did not bar the action of a minor child for injuries caused by his mother's work-related accident that occurred before the child was born. The court noted that the Louisiana act and

the cases interpreting the exclusivity provision focused on economic and intangible losses to members of an injured employee which were derivative by nature, e.g., loss of support or consortium. The court then distinguished the physical injury suffered by the unborn child from any injury suffered by the parent and concluded that such child's injury was not derivative. The court reasoned that a fetus which is injured by the conduct of the parent's employer is entitled to assert a cause of action against such employer in the same manner that a child who is already born, and is injured on the parent's worksite, could assert such a claim. See also *Thompson v. Pizza Hut of America*, 767 FSupp. 916 (N. D. Ill. 1991) (exclusive remedy provision did not preclude recovery for injuries suffered by a child in utero as a result of the mother's exposure to carbon monoxide due to the employer's negligence); *Namislo v. Akzo Chemicals*, 620 S2d 573 (Ala. 1993) (exclusivity provision did not bar the personal injury claim for prenatal injuries sustained as a result of the mother's work-related exposure to mercury); *Keefe v. Pizza Hut of America*, 868 P2d 1092 (Colo. Ct. App. 1993) (claim for prenatal injuries was not barred by exclusive remedy provision because it was not "for and on account of" an employee's injury).

The present claims are based on permanent injuries to the minor children and are not derivative of any work-related claim that can be asserted by the parents against Hitachi. Cf. *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985) (wife's loss of consortium claim barred by the exclusivity provision because it was derivative of husband's workers' compensation claim). Consequently, the injuries claimed by appellees are outside of the purview of the Workers' Compensation Act and not subject to its exclusive remedy rule. The trial court did not err in denying Hitachi's motion to dismiss based upon the workers' compensation exclusivity provision contained in OCGA § 34-9-11.

*Judgment affirmed. McMurray, P. J., concurs. Andrews, J., concurs in judgment only.*

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 — 

*Kilpatrick & Cody, Alan R. Perry, Jr., Michael E. Brooks*, for appellants.

*Troutman Sanders, Daniel S. Reinhardt, Susan S. Lanigan*, for appellees.