981 P.2d 714

**Kathleen M. OMORI, individually and as Next Friend of Matthew W. Omori, a minor, Plaintiff–Appellant,**

v.

**JOWA HAWAIʻI CO., LTD., dba The Ilikai, Defendant–Appellee, and Doe Defendants 1–20, Defendants.**

**No. 21007.**

Intermediate Court of Appeals of Hawaiʻi.

March 30, 1999.

Certiorari Granted May 10, 1999.

Stephen K. Yamada, Honolulu; David C. Schutter and Mitchell S. Wong (David C. Schutter & Associates, of counsel), Honolulu, on the brief, for plaintiff-appellant.

Arthur F. Roeca, James S. Kawashima (Roeca, Louie & Hiraoka, of counsel) Honolulu, on the brief, for defendant-appellee.

BURNS, C.J., WATANABE, J., and Circuit Judge KOCHI in place of ACOBA, J., recused.

Opinion of the Court by WATANABE, J.

The dispositive issue in this case of first impression is whether Hawai'i Revised Statutes (HRS) § 386–5 (1993), the exclusive remedy provision of the Hawai'i Workers' Compensation Law, bars a child from bringing a tort action against his mother's employer for *in utero* injuries he personally sustained, allegedly as a result of a work-related accident involving his mother. We conclude, based on our construction of HRS § 386–5, as well as relevant case law, that such an action is not barred and that the Circuit Court of the First Circuit (the circuit court) erred in concluding otherwise.

## BACKGROUND

Plaintiff–Appellant Kathleen M. Omori (Ms. Omori), individually and as the duly appointed Next Friend of her minor son, Matthew W. Omori (Matthew), (collectively, Plaintiffs) brought this lawsuit seeking general, special, and punitive damages for (1) injuries sustained by Matthew when he was born prematurely, allegedly because of the work-related activities of his mother, Ms. Omori; and (2) Ms. Omori's loss of consortium with respect to Matthew.

In her complaint, Ms. Omori alleged that she became pregnant with Matthew in October 1992. Beginning in November 1992, she was employed at a convenience store at the Ilikai Hotel, which was operated by Defendant–Appellee, Jowa Hawaii Co., Ltd., doing business as The Ilikai (the Ilikai). It was the Ilikai's practice that only one employee work in the convenience store at any time, and Ms. Omori's work shifts ran for approximately ten to twelve hours. Ms. Omori's duties included serving customers, stocking the convenience store shelves, cleaning, and managing the cash register. A significant part of her duties "involved filling the convenience store's refrigerated coolers with merchandise, which required [Ms. Omori] to lift, carry, and move heavy cases of soda and beer, among other things."

Ms. Omori further alleged that on or about March 23, 1993, her "water broke." She consulted her physician about the leakage and was instructed to take off from work and rest. She then called the Ilikai manager and informed him about her physician's instructions but was told to report to work. Ms. Omori went to work as directed and again asked the manager for time off from work. The manager again refused her request, and Ms. Omori continued working until March 26, 1993.

According to Ms. Omori, "as a consequence of being forced to continue working, [she] suffered a pre-term premature rupture of the membrane.... As a result thereof, [Matthew] was born premature on April 9, 1993 ... [and] has suffered severe physical injury, physical pain and suffering, emotional distress and mental suffering, loss of enjoyment of life, and other general damages."

Ms. Omori sought workers' compensation benefits for the injuries she suffered on March 23, 1993. The Ilikai denied liability, and on March 2, 1994, Ms. Omori's claim was denied by the Director of the State of Ha-

wai'i Department of Labor and Industrial Relations (Director). Ms. Omori appealed the decision to the Hawai'i Labor and Industrial Relations Appeals Board (LIRAB), which affirmed the Director's denial on April 29, 1996.[1]

The lawsuit underlying this appeal was filed on July 18, 1996. On May 20, 1997, the Ilikai filed a motion for summary judgment, arguing that Ms. Omori's and Matthew's claims against it were barred by the exclusive remedy provision of the workers' compensation law. On August 18, 1997, the circuit court granted the Ilikai's motion. In granting the summary judgment, the circuit court found and concluded, in relevant part, as follows:

6. Ms. Omori is not asserting any independent claims for personal injury. Rather, Ms. Omori is asserting a claim for loss of consortium which is derivative of [Matthew's] alleged personal injury. . . .

7. Certainly, if Ms. Omori asserted claims for personal injury which arose out of and occurred in the course of her employment at the Ilikai Hotel, her claims would be barred by the exclusivity provision of the Hawaii [Hawai'i] Workers' Compensation Law. *See Kamali v. Hawaiian Elec. Co.,* 54 Haw. 153, 504 P.2d 861 (Hawaii [Haw.] 1972).

8. The novel question presented in this case is whether claims for injury to Ms. Omori's then-unborn fetus sustained during the course of Ms. Omori's employment are barred by the exclusivity provision of the Hawaii [Hawai'i] [W]orkers' [C]ompensation [L]aw.

9. Initially, there is no dispute that [Matthew] is a dependent of Ms. Omori.

10. As a dependent, the claims of [Matthew] are barred by the plain and unambiguous language of H.R.S. § 386–5. . . .

11. Next, viewing the evidence in the light most favorable to Plaintiffs, the evidence . . . establishes that the work-relat-

ed activity of Ms. Omori was a "possible explanation" or an "aggravating factor" of her premature delivery of [Matthew]. . . .

12. Plaintiffs allege that [Matthew] sustained personal injury as a result of being born prematurely. . . .

13. Thus, there is no dispute that the personal injury claims of [Matthew] arise from [the Ilikai's] directive to Ms. Omori to continue working at the Ilikai Hotel against her physician's orders and Ms. Omori's continuing to do work.

14. Based on the Hawaii [Hawai'i] Workers' Compensation Law and consistent with *Bell v. Macy's,* 212 Cal.App.3d 1442, 261 Cal.Rptr. 447 (1989), the Court finds and concludes as a matter of law that any injury to [Matthew] (while he was *in utero* ) was derived from the work-related activity and resulting injury to his mother, Ms. Omori, and therefore is barred by the exclusivity provision of the Hawaii [Hawai'i] Workers' Compensation Law.

15. Because the claims of [Matthew] are barred, the derivative claims of Ms. Omori are also barred by the exclusivity provision of the Hawaii [Hawai'i] Workers' Compensation Law.

On September 16, 1997, final judgment in the Ilikai's favor was entered. This timely appeal followed.

### DISCUSSION

#### A.

■ The circuit court's construction of HRS § 386–5 as barring this lawsuit involves a question of law which we review *de novo* on appeal. *Moss v. American Int'l Adjustment Co.,* 86 Hawai'i 59, 61, 947 P.2d 371, 373 (1997). The Hawai'i Supreme Court has instructed that

[t]he starting point in statutory construction is to determine the legislative intent from the language of the statute itself. We read statutory language in the context

---

1. In its Decision and Order dated April 29, 1996, the Hawai'i Labor and Industrial Relations Appeals Board concluded that Plaintiff–Appellant Kathleen M. Omori (Ms. Omori) "did not sustain a personal injury on or about March 23, 1993, arising out of and in the course of employment,

because, as Dr. [Leroy] Caspersen, Dr. [Ajit] Arora, and Dr. [Daulet] Chandani have all indicated, [Ms. Omori's] work activities did not cause the premature birth of her child[, Matthew W. Omori,] or the alleged preterm rupture of the membranes."

of the entire statute and construe it in a manner consistent with its purpose.

*Id.* at 62, 947 P.2d at 374 (internal quotation marks and citations omitted). Additionally, we are required, in interpreting a statute, to "give the words their common meaning, unless there is something in the statute requiring a different meaning." *Hough v. Pacific Ins. Co.*, 83 Hawai'i 457, 463, 927 P.2d 858, 864 (1996).

### B.

■ The exclusive remedy provision of the Hawai'i Workers' Compensation Law, HRS § 386–5, states as follows:

**Exclusiveness of right to compensation; exception.** The rights and remedies herein granted to an employee or the employee's dependents *on account of a work injury suffered by the employee* shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, *on account of the injury,* except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

(Emphases added.)

The circuit court held that Matthew's injuries were derived from Ms. Omori's work-related injuries and accordingly, were barred by HRS § 386–5. We conclude that the circuit court was wrong in so holding.

HRS § 386–5, by its plain language, applies only to "work injuries" suffered by an "employee." *See Hough,* 83 Hawai'i at 464, 927 P.2d at 865 (1996). HRS § 386–1 (1993) defines "employee" as "any individual in the employment of another person ...." and "work injury" as "a personal injury suffered under the conditions specified in section 386–3." HRS § 386–3 (1993), as it existed at the time the instant lawsuit was filed, provided as follows:

**Injuries covered.** *If an employee suffers personal injury* either by accident arising out of and in the course of the employment or by disease proximately caused by or resulting from the nature of the employment, *the employee's employer or the special compensation fund shall pay compensation to the employee or the employee's dependents* as hereinafter provided.

(Emphases added.) The only rights and remedies provided to an employee's dependents under chapter 386 are those that compensate the dependents for the *employee's* injuries. *See, e.g.,* HRS § 386–34 (1993) (unpaid balance of income and indemnity benefits owed to an employee at employee's death payable to the employee's dependents); HRS § 386–33(a)(3) (1993) (where employee with permanent partial disability which pre-exists employment dies as a result of a combination of the pre-existing disability and subsequent work-related injury, responsibility for payment of death benefits to the employee's dependents is apportioned between the employer and the special compensation fund); HRS § 386–41(b) (1993) (where work injury causes death, weekly death benefits are payable to the deceased employee's dependents). In other words, no remedial relief is provided in HRS chapter 386 to compensate an employee's dependent for injuries that the dependent personally suffered as a result of the negligence of the employer of the dependent's parent.

Indeed, workers' compensation "is a branch of social insurance for workers *aimed at protection against the consequences of work injuries.*" S. Riesenfeld, *Study of the Workmen's Compensation Law in Hawaii,* Legislative Reference Bureau, Report No. 1 (1963), iii (emphasis added). Professor Stefan Riesenfeld, the architect of the majority of the 1963 revisions to the Hawai'i Workers' Compensation Law, *see* Hse. Stand. Comm. Rep. No. 889, in 1963 House Journal, at 822; Sen. Stand. Comm. Rep. No. 334, in 1963 Senate Journal, at 788, identified the following three goals of workers' compensation:

(1) medical restoration and physiological rehabilitation [of the worker] as far as possible; (2) return of the permanently disabled worker to some gainful employment whenever possible, even where new skills must be developed; (3) provision of

substantial relief for the economic and other losses incurred.

*Id.* at iv. These goals are rooted in

a clear recognition that society bears a responsibility to insure that an injured worker and his [or her] family must not shoulder the whole burden of work injuries and therefore ought to provide a means necessary to restore [the worker], as far as possible, to a productive role in society and to compensate [the worker and his or her family] in an adequate manner, for [the worker's] economic and physical losses.

*Id.* Clearly, the *worker's injury*, and not the independent injury of a member of the worker's family, was the focal point of the workers' compensation law.

In this case, Matthew was not an employee of the Ilikai as defined in HRS § 386–1. He was also not seeking damages for losses he may have suffered (*e.g.,* loss of consortium) as a result of Ms. Omori being injured on the job. He sought damages only for injuries that he physically and personally suffered as a result of the Ilikai's alleged negligence. Any injuries that he physically suffered as a result of his premature birth, therefore, did not arise out of and in the course of *his* employment.

Since the exclusive remedy provision of HRS § 386–5 applies only "on account of a work injury suffered *by the employee,*" (emphasis added), we conclude that Plaintiffs were not prohibited by that provision from suing for injuries that Matthew physically and personally suffered as a result of Ms. Omori's work-related injury.

## C.

Our conclusion is consistent with the case law of other jurisdictions on this issue.

We observe at the outset that virtually all American jurisdictions that have ruled on the issue allow "a tort action [to be] maintained to recover damages for prenatal injuries negligently inflicted, if the injured child is born alive." Annotation, *Liability for Prenatal Injuries,* 40 A.L.R.3d 1222, 1228 (1971). Additionally, it appears to be well-settled that "the right to recover damages for personal injuries suffered before birth by a surviving

child belongs to the child, not to the child's parent." *Id.*

As to the issue presented by this appeal, the overwhelming majority of courts that have addressed the issue have concluded that the exclusive remedies provision of a workers' compensation law does not bar a child from bringing a lawsuit for *in utero* injuries the child independently sustained as a result of the work-related negligence of the child's mother's employer towards the child's mother. *See, e.g., Thompson v. Pizza Hut of America, Inc.,* 767 F.Supp. 916, 917–19 (N.D.Ill.1991) (exclusive remedy provision of Illinois workers' compensation statute did not bar personal injury lawsuit against an employer for fetal injuries sustained by a child as a result of mother's work-related exposure to carbon monoxide); *Namislo v. Akzo Chemicals, Inc.,* 620 So.2d 573, 574–75 (Ala.1993) (exclusivity provisions of the Alabama Workers' Compensation Act did not bar a minor from suing her mother's employer for *in utero* injuries that arose from her mother's exposure to mercury during the course of her mother's employment; minor's claims did not arise from personal injury to her mother, the employee, but were based on minor's own alleged personal injury); *Hitachi Chem. Electro–Products v. Gurley,* 219 Ga.App. 675, 466 S.E.2d 867, 869 (1995), *cert. denied,* 219 Ga.App. 675, 466 S.E.2d 867 (1996) (negligence actions on behalf of children of employees for prenatal injuries allegedly caused by work-related exposure of employees to hazardous and dangerous chemicals were not derivative of any claim that could be asserted by the employees, but were entirely separate and distinct from any claim that could have been asserted by the employees for work-related injuries; hence, the lawsuits were not barred by the exclusive remedy rule of the Georgia Workers' Compensation Act); *Adams v. Denny's Inc.,* 464 So.2d 876, 877–78 (La.Ct. App. 4th Cir.1985), *writ denied,* 467 So.2d 530 (La.1985) (tort claim for wrongful death of unborn child was not barred by exclusivity provision of workers' compensation law); *Cushing v. Time Saver Stores, Inc.,* 552 So.2d 730, 732 (La.Ct.App. 1st Cir.1989), *writ denied,* 556 So.2d 1281 (La.1990) (tort

claims against an employer for prenatal injuries sustained by an employee's child resulting from a work-related accident involving his mother are not barred by the exclusivity provision of the workers' compensation act because the employee's child alleged injuries which are "in no way derivative of the mother's injury"); *Jackson v. Tastykake, Inc.,* 437 Pa.Super. 34, 648 A.2d 1214, 1215–17 (1994) (action brought for wrongful death of minor born prematurely was not barred by exclusive remedy provision of workers' compensation law even though mother was at work when she went into premature labor; minor was not an employee and her claim must be decided on its own merits).

The circuit court relied on *Bell v. Macy's California,* 212 Cal.App.3d 1442, 261 Cal. Rptr. 447 (1989) in concluding that the *in utero* injuries sustained by Matthew were derived from the work-related activity of and resulting injury to Ms. Omori and were thus barred by the exclusivity provision of the Hawai'i Workers' Compensation Law. In *Bell,* the First District California Court of Appeals held that any injury to an employee's child resulting from the negligent treatment of complications of the employee's pregnancy at the employer's store clinic was derived from compensable injury to the employee and was thus barred by the exclusivity provision of the workers' compensation law.

However, in *Snyder v. Michael's Stores, Inc.,* 57 Cal.Rptr.2d 105, 110–12 (Cal.Ct.App. 5th Dist.1996), *superseded,* 16 Cal.4th 991, 68 Cal.Rptr.2d 476, 945 P.2d 781 (1997), the Fifth District Court of Appeals for California disagreed with the *Bell* decision. The California Supreme Court granted a petition to review the conflict between *Snyder* and *Bell* and resolved the conflict by affirming *Snyder.* 68 Cal.Rptr.2d 476, 945 P.2d at 783. In explaining why the *Bell* court had critically erred in concluding that the derivative injury rule barred the tort claims of the minor, the supreme court stated:

> The employer's civil immunity is not for all liability resulting from negligence toward employees, but only for all liability, to any person, deriving from an employee's work-related *injuries.* ... [T]he derivative in-

jury rule governs cases in which "the third party cause of action is derivative of the employee injury in the purest sense: It simply would not have existed in the absence of injury to the employee." ... [T]he rule applies when the plaintiff, in order to state a cause of action, must allege injury to another person—the employee.

> \* \* \*

> The question the *Bell* court should have asked, therefore, was not whether [the child's] injuries resulted from the employer's negligent treatment of [the child's mother] or from "some condition affecting [the child's mother]" but, rather, whether [the child's] claim was legally dependent on [the child's mother's] work-related *injuries.*

> \* \* \*

> [T]he derivative injury doctrine does not bar civil actions by all children who were harmed *in utero* through some event or condition affecting their mothers; it bars only attempts by the child to recover civilly for the mother's own injuries or for the child's legally dependent losses.

*Id.* at 480–81, 945 P.2d at 785–86 (emphases in original; citations and internal brackets omitted).

In this case, Matthew sued the Ilikai for injuries he personally sustained as a result of Ms. Omori's performance of various work-related tasks that she was ordered to perform by her employer. Matthew did not claim any damages that were legally dependent upon injuries sustained by Ms. Omori. Accordingly, consistent with the cases discussed above, we conclude that he was not barred by HRS § 386–5 from suing the Ilikai in tort for his *in utero* injuries.

## CONCLUSION

Based on the foregoing discussion, we reverse the circuit court's August 18, 1997 order granting the Ilikai's motion for summary judgment, vacate the final judgment entered

in the Ilikai's favor on September 16, 1997, and remand for further proceedings.