981 P.2d 703

**Kathleen M. OMORI, Individually and as Next Friend of Matthew W. Omori, a minor, Respondent–Appellant,**

v.

**JOWA HAWAI'I CO., LTD. dba The Ilikai, Petitioner–Appellee,**

and

**Doe Defendants 1–20, Defendants.**

No. 21007.

Supreme Court of Hawai'i.

May 26, 1999.

Arthur R. Roeca and Kari A. Wilhelm (of Roeca Louie & Hiraoka), Honolulu, on the writ, for petitioner-appellee.

Mitchell S. Wong (of David C. Schutter Associates), Honolulu, on the answer, for respondent-appellant.

MOON, C.J., KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by MOON, C.J.

We granted certiorari for the sole purpose of clarifying what we believe may not be clear from the opinion of the Intermediate Court of Appeals (ICA) in *Omori v. Jowa Hawaii Co., Ltd.*, 91 Hawai'i 157, 981 P.2d 714 (1999) [hereinafter, *Omori* ]. In *Omori*, the ICA addressed the issue whether Hawai'i Revised Statutes (HRS) § 386–5 (1993), the exclusive remedy provision of Hawaii's Workers' Compensation Law, bars a child from bringing a tort action against his or her mother's employer for *in utero* injuries the child personally sustains in the same work-related accident that injures the mother.

The ICA concluded that "Plaintiffs were not prohibited by [HRS § 386–5] . . . from suing for injuries that Matthew[, the child,] physically and personally suffered as a result of [his mother's,] Ms. Omori's[,] work-related injury." *Omori*, at 161, 981 P.2d at 718. We agree. However, in restating its holding at the end of the opinion, the ICA appeared to limit its holding to the injuries of the child, Matthew, stating that "*he* was not barred by HRS § 386–5. . . ." *Id.*, at 162, 981 P.2d at 719 (emphasis added).

For purposes of clarification, we explicitly hold that HRS § 386–5 bars neither Matthew Omori's tort claims for his *in utero* injuries, nor any otherwise valid claims of any other party that allegedly derive from Matthew Omori's injuries. *See Winters v. Silver Fox Bar*, 71 Haw. 524, 536, 797 P.2d 51, 56 (1990) ("The majority rule is that a plaintiff in a [derivative-injury tort] action can only recover if the tortious harm the [injured party] suffered would have entitled the [injured party] to maintain an action against the defen-

dant." (Internal quotation marks and citation omitted.)). Accordingly, to the extent that Plaintiff Kathleen Omori, Matthew's mother, possesses any valid claims against the Ilikai based on *Matthew's* injuries, *e.g.*, loss of filial consortium, HRS § 386–5 poses no barrier to her right to seek relief based on such claims.