506 So.2d 583 (1987)
Louis MAJOR and Ethel Major, Individually and Wife of Louis Major, et al.
v.
FIREMAN'S FUND INSURANCE COMPANY, et al.
No. CA-6298.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1987.
Richard A. Thalheim, Jr., Thibodaux, for plaintiffs-appellants.
C. Michael Pfister, Johnston & Duplass, New Orleans, for defendants-appellees.
Before GARRISON and BYRNES, JJ., and PRESTON H. HUFFT, J. Pro Tem.
GARRISON, Judge.
Plaintiffs, Louis and Ethel Major and their three major children, filed this tort action on October 16, 1984 against Valentine Sugars, Inc., Minnesota Mining and Manufacturing Company, Fireman's Fund Insurance Company, and/or American Insurance Company, National Surety Corporation, Associated Indemnity Corporation and American Automobile Insurance Company alleging damages as a result of Louis Major's exposure to dangerous chemical substances for which defendants are allegedly responsible. On April 7, 1986, defendants Valentine Sugars, Inc. and Fireman's Fund Insurance Company filed a motion for summary judgment. On May 21, 1986, the trial judge granted this motion for summary judgment, dismissing plaintiffs' suit with prejudice and at plaintiffs' cost.
This lawsuit arises out of an incident on November 3, 1983 in which Louis Major received injuries while working for his employer, Valentine Sugars, Inc. The motion for summary judgment was based on the argument that because plaintiffs' petition did not set forth an intentional tort claim, *584 plaintiff Louis Major's exclusive remedy is under the workers' compensation laws in accordance with LSA-R.S. 23:1032. According to defendants, because of the exclusivity of this remedy, Major's wife and children are not entitled to compensation for Major's injuries.
The test for an intentional tort is either that the employer consciously desired the consequences of his act, or that he knew that the result was certain or substantially certain to follow from his conduct. Bazley v. Tortorich, 397 So.2d 475 (La.1981). Furthermore, the grant of summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Moreover, summary judgment is improper whenever there exists even the slightest doubt that it should be grantedany doubt being resolved in favor of a trial on the merits. Bank of New Orleans and Trust Co. v. Monco Agency, Inc., 457 So.2d 221 (La.App. 4th Cir.1984), writ denied, 461 So.2d 318 (La.1984).
We conclude that the affidavit of Louis Major raised genuine issues of material fact which should have precluded summary judgment. In that affidavit Major made the following statements:
"I specifically told the foreman that I was not supposed to work in the chemicals and that the doctor had said I could not work in the chemicals, but the foreman said `yea, we know that' but still they put me back into that kind of work."
"The foreman of Valentine Sugars, Inc. specifically instructed me to work on the hot rollers and instructed me to try to use the mask and I informed him that the mask was not working. He nonetheless made me continue working with the insufficient mask."
"The foreman at Valentine Sugars saw blood coming from my nose while I was working with the chemicals and I told him that I should not be working with the chemicals. He wanted me to keep on working with the chemicals even though he knew it was making my nose bleed."
These statements, clearly based on the personal knowledge of the affiant, allege that supervisory employees of Valentine Sugars either knew or were substantially certain that the appellant would be injured if he was forced to continue working with chemicals.
Therefore, because the appellant's affidavit raises issues of material fact, we reverse the ruling of the trial court and remand this case for a trial on the merits.
REVERSED AND REMANDED.