STEWART, J.
 

 11 After being injured while working at a cotton gin, Gene Berry sued his former special employer, Valley Gin, Inc., for damages. The trial court granted summary judgment in favor of Valley Gin upon determining that Berry’s accident was a workers’ compensation matter and that it did not meet the requirements of the intentional act exception. Berry appealed. We find that summary judgment was properly granted and affirm.
 

 FACTS
 

 On the date of the accident, November 10, 2004, Berry was employed as a seasonal laborer at Valley Gin. The main floor of the gin is made of heavy metal plates
 
 *496
 
 suspended four to five feet above a concrete floor. The lower concrete floor is called the basement and is an open space where various pipes and the lint flue are located. The basement area is accessed as needed to work on the machinery by removing certain metal plates on the main floor.
 

 Berry’s customary duty at the start of the day was to clean the area of the main floor behind the lint cleaners. He used an air hose to blow cotton debris off the lint cleaners and aisles so it could be gathered up and reintroduced into the ginning process. Shortly after Berry and another employee, Sherry Jones, began cleaning on the morning of the accident, the metal plate on which they were standing collapsed, causing them along with the plate to fall to the concrete floor four to five feet below.
 

 A Valley Gin supervisor, Jimmy Law, heard the commotion and found Berry and Jones “down in the hole.” Law helped Jones and Berry, who had injured his back, up a ladder to the main floor. Law and other 12employees got the heavy floor plate back into place. He then “tack welded”'it at one corner to secure it.
 

 Berry sued Valley Gin for damages alleging that it knew or should have known that harm was substantially certain to result to him because the “shifting and sliding” elevated metal plates on which he was required to walk were not secured in any way. In its answer, Valley Gin denied liability on the grounds that Berry’s injuries did not result from any intentional act and that his sole remedy was workers’ compensation.
 

 Both parties filed motions for summary judgment. Valley Gin asserted that Berry' would not be able to prove that it or any of its employees consciously desired to harm him or knew that injury to him was substantially certain to occur. Its motion was supported by affidavits of Valley Gin’s president, Ronald O’Quinn, and its manager, Charles Demoss, indicating that the floor of the gin is made up of metal plates, that the plates had been walked over and stood upon on a daily basis during gin operations since 1992, and that there had been no prior incidents similar to Berry’s accident. Valley Gin’s motion was also supported by depositions taken of Berry, Sherry Jones, and Valley Gin employees Lawrence Pearson and Jimmy Law.
 

 Although Berry stated in his deposition that he would hear popping sounds and feel vibrations and movement while walking over the metal plate floor, he had never complained to any of the supervisors. Jones said that she never liked working on the metal plate floor, but she did not state |sany particular complaint about it. Neither had seen a plate fall while working at Valley Gin.
 

 Pearson, whose job had included checking the lint cleaners and who had lost three fingers in a work incident and was no longer employed with Valley Gin when his deposition was taken, stated that he had walked in the area where Berry’s accident occurred 30 to 40 times a day without incident. He had even jumped down onto the plate from the lint cleaner without the plate collapsing. He described the plate as being set in grooves and stated that once in place, the plate does not move or slide. He did note that a plate that is not set down properly could possibly collapse, but he had never seen it happen.
 

 Law denied any prior occurrence of a plate behind the lint cleaner collapsing. He stated that he stood on the plate regularly with others and that it did not bend under the weight.
 

 In his own motion for summary judgment to have Valley Gin found solely at fault in causing the accident, Berry assert
 
 *497
 
 ed that he was injured as a result of Valley-Gin’s “grossly negligent conduct.” Relying on expert affidavits, Berry asserted that it was substantially certain that the metal plates, which were not stable, anchored, fixed, fastened, or secured in any way, would “fail or give way causing employees to fall through the suspended floor onto the underlying concrete floor and suffer injuries.” Berry also asserted that Jimmy Law told him at the time of his accident that he had previously fallen through one of the plates. Jones and Lashun Berry, |4the plaintiffs sister, also said in affidavits that Law told them the same thing.
 

 In opposing Berry’s motion, Valley Gin offered the affidavit of and inspection report by Larry Davis, a safety director for the Southern Cotton Ginners Association. Davis had inspected the gin on October 28, 2004, days before the accident, and found no deficiencies in the metal floor.
 

 The trial court determined Berry’s claim against Valley Gin to be a workers’ compensation matter and found that Berry failed to raise a genuine issue of material fact that would bring his claim under the intentional act exception. Berry filed a motion for a new trial, which the trial court denied. His appeal followed.
 

 APPLICABLE LAW
 

 A grant or a denial of a summary judgment is subject to a
 
 de novo
 
 review on appeal.
 
 Jones v. Estate of Santiago,
 
 2003-1424 (La.4/14/04), 870 So.2d 1002. Appellate review is conducted under the same criteria that govern a trial court’s consideration of whether summary judgment is appropriate, namely, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.
 
 Id.;
 
 La. C.C.P. art. 966(B). A genuine issue is a triable issue about which reasonable persons could disagree, and a material fact is one whose existence may be essential to the plaintiffs cause of action under the applicable theory of recovery.
 
 Clinton v. Reigel By-Products, Inc.,
 
 42,497 (La.App.2d Cir.9/19/07), 965 So.2d 1006,
 
 writ not considered,
 
 2007-2239 (La.2/15/08), 976 So.2d 168.
 

 | r,The movant bears the burden of proof on summary judgment. La. C.C.P. art 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter before the court on the motion, then he is not required to negate all essential elements of the adverse party’s claim, action or defense.
 
 Id.
 
 Rather, the movant need only point out to the court that there is an absence of factual support for one or more of those essential elements.
 
 Id.
 
 If the adverse party then fails to produce factual support sufficient to establish that he will be able to meet his evidentiary burden at trial, there is no genuine issue of material fact.
 
 Id.
 

 An employee injured in the course of his employment is generally not allowed to recover tort damages against his employer.
 
 Clinton, supra; Evans v. Bossier Parish School Board,,
 
 39,718 (La.App.2d Cir.5/11/05), 903 So.2d 600. Rather, the employee’s exclusive remedy for workplace injuries is workers’ compensation, unless the employee’s injuries are the result of an intentional act. La. R.S. 23:1032(A) and (B);
 
 Clinton, supra.
 
 The intentional act exception to workers’ compensation is narrowly construed.
 
 Reeves v. Structural Preservation Systems,
 
 1998-1795 (La.3/12/99), 731 So.2d 208. Gross negligence does not equate to an intentional act, nor does the failure to provide safety equipment or a violation of safety standards typically suffice to establish liability under the intentional act exception.
 
 Id.
 

 
 *498
 
 Establishing that a workplace injury resulted from an intentional act requires proof that the employer either (1) consciously desired the physical result of his act, whatever likelihood of that result happening because of his |Rconduct, or (2) knew that the result was substantially certain to follow from his conduct, regardless of his desire.
 
 Carrier v. Grey Wolf Drilling Co.,
 
 2000-1335 (La.1/17/01), 776 So.2d 439, citing
 
 Reeves, supra,
 
 and
 
 Bazley v. Tortorich,
 
 397 So.2d 475 (La.1981). Because nothing in this record indicates that Valley Gin consciously desired Berry’s injuries, the issue is whether it knew that Berry’s injuries were substantially certain to occur.
 

 Substantial certainty requires more than a reasonable, or even high, probability that an injury will occur.
 
 Reeves, supra.
 
 Neither knowledge and appreciation of a risk nor reckless or wanton conduct by an employer constitutes an intentional wrongdoing.
 
 Id.
 
 Rather, substantial certainty means “inevitable” or “incapable of failing.”
 
 Id.
 
 As explained, “Believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers’ compensation.”
 
 Reeves,
 
 1998-1795 p. 9, 731 So.2d at 213.
 

 ANALYSIS
 

 By showing through its exhibits that the metal plate made up part of the gin’s main floor, that it was walked across and stood upon daily, and that it had not previously collapsed, Valley Gin established that Berry lacked factual support for his intentional act claim. Berry then had the burden of producing factual support to show that he would be able to meet his evidentiary burden at trial. To do this, Berry relied primarily on expert opinion and the allegation of Law’s prior incident.
 

 |7The affidavits of Chuck Reid, a structural designer and drafter, and Lowell Shoemaker, an architect, conclude that it was substantially certain that walking on the metal plates would cause a failure and result in injury to an employee. As indicated by Reid’s affidavit and other testimony describing the gin, the metal floor includes removable plates that allow access to the area below the main floor. The plate on which Berry was standing when the accident occurred was not fastened or secured in place. Instead, it rested on a ledge along three sides and a tab at the midway point on the fourth side which abutted the adjacent plate. According to Reid, the plate overlay the supporting ledge only ½" on each end, and the ledge on which the plate rested was covered with rust and debris. Reid’s affidavit relates that the plate measures 3/16" in thickness and is capable of supporting only 46 pounds per square foot of weight. Reid opined that the plate was not thick enough to support the weight of a normal size adult and especially that of two adults. Thus, the weight would cause the plate to bend, thereby reducing its functional length so that it would not extend over the support ledges. Based on these factors, Reid concluded that it was inevitable or substantially certain that allowing employees to walk or work on the plates would cause a failure that would result in the plate and any employee standing on it to fall to the concrete surface below.
 

 Berry also argues that Valley Gin had prior notice of deficiencies in the metal floor due to an accident involving Jimmy Law. Berry, his sister, and Jones all claimed that Law told them he had fallen and had not been hurt as badly as Berry. Law denied this in his deposition.
 

 
 *499
 
 laBerry contends that this evidence raises genuine issues of material fact that preclude summary judgment in favor of Valley Gin. We disagree. It is undisputed that Berry and Jones were standing on a metal plate at the time of the accident while performing their employment duties. There was no prohibition or policy against two employees standing on a plate together. Valley Gin employees and personnel routinely walked across and stood upon the metal plates on a daily basis as part of the regular gin operations since 1992. In fact, the metal plate involved in the accident along with other metal plates made up the main floor of the gin. Daily use without incident of the metal plate floor, including the area where the accident occurred, belies the expert opinion that it could not support the weight of one or more adults. Clearly, it did so for years prior to this accident. While Law may have had a prior mishap about which the circumstances are unknown, this single instance over a period of 12 years of daily use of the metal floor does not serve as notice to Valley Gin that the incident resulting in injury to Berry was inevitable or substantially certain to occur.
 

 Even considering the factors addressed by Reid and the alleged prior incident involving Law, there is no genuine issue of material fact as to whether Berry’s injuries were the result of an intentional act on the part of Valley Gin rather than an unfortunate workplace accident covered by workers’ compensation. Though Berry’s experts used the terms “inevitable,” “virtually certain,” and “substantially certain,” nothing in Reid’s analysis or in the exhibits relied upon by Berry indicates it was inevitable or substantially certain that the plate upon which Berry stood to Relean behind the lint cleaners would fail and cause Berry to fall to the concrete floor below.
 

 Whether the event occurred before or whether the injury manifested itself before are distinguishing features in determining whether the substantial certainty test is met.
 
 Abney v. Exxon Corporation, et al.,
 
 1998-0911 (La.App. 1st Cir.9/24/99) p. 7, 755 So.2d 283, 288,
 
 writ denied,
 
 1999-3053 (La.1/14/00), 753 So.2d 216. The first circuit affirmed an award of damages to employees who became ill after exposure to carcinogens while welding inside a fractionation tower. The evidence showed that the employees suffered nosebleeds and other symptoms, which they reported to supervisors. The trial court believed the plaintiffs’ testimony that the supervisor refused to provide air respirators and insisted that they either continue doing the job or quit.
 
 Abney, supra.
 

 Similarly, in
 
 Clark v. Division Seven, Inc.,
 
 1999-3079 (La.App. 4th Cir.12/20/00), 776 So.2d 1262,
 
 writ denied,
 
 2001-0183 (La.3/16/01), 787 So.2d 318, the court affirmed a judgment finding the employer liable under the intentional act exception for injuries suffered by an employee who fell from a slanted roof after a rainstorm. Evidence showed that the foreman ignored complaints that the roof was wet and slippery. Even after one employee nearly fell to the ground, the foreman insisted they work or else be fired. One employee quit, but the plaintiff continued to work, slipped on the wet roof, and sustained serious injuries.
 

 In
 
 Major v. Fireman’s Fund Ins. Co.,
 
 506 So.2d 583 (La.App. 4th Cir.1987), a summary judgment dismissing the employee’s suit was overturned on appeal based on material issues of fact raised by his affidavit. 110The employee stated that he told the foreman that his doctor said he could not work with chemicals. The foreman knew about the doctor’s warning, but he ordered the employee to wear a mask while doing the job. Though the employ
 
 *500
 
 ee’s nose bled even when he wore the mask, the foreman insisted he continue working. Thus, the court concluded that the employee’s affidavit suggested that the employer knew or was substantially certain that the employee would be injured if he worked with the chemicals.
 

 In each of these cases, substantial certainty was shown by manifestations of injury, such as nosebleeds, or by factors showing an immediate and apparent risk of harm, such as the condition of the wet, slippery roof. No such factors have been shown in this matter. The accident occurred while Berry was performing the routine duty assigned to him each morning. There was nothing unusual about him and another employee standing on the plate while cleaning the area behind the lint cleaner. For unknown reasons, the metal floor plate collapsed. While the unsecured metal floor plate may have presented an accident waiting to happen, the facts developed on summary judgment do not suggest an intentional act by Valley Gin. The trial court correctly determined that there is no genuine issue of fact placing this matter within the intentional act exception. The remedy for Berry’s workplace injury is worker’s compensation.
 

 CONCLUSION
 

 Based on our
 
 de novo
 
 review of the record, we affirm the trial court’s judgment. Costs are assessed to the plaintiff, Gene Berry.
 

 AFFIRMED.