A91A0117. DUGGER v. MILLER BREWING COMPANY.
(406 SE2d 484)

COOPER, Judge.

Appellant, who suffered burns and other injuries while attempting to repair a flang valve on a steam line in the course of his employment, made claim for and was awarded workers' compensation benefits for his medical expenses and lost wages pursuant to OCGA § 34-9-1 et seq. Appellant then brought suit against appellee in the Superior Court of Dougherty County seeking additional compensatory and punitive damages for his injuries. Appellee filed a motion to dismiss the complaint for failure to state a claim upon which relief can be

granted, contending that the Georgia Workers' Compensation Act provided appellant his sole remedy for his injuries. Appellant now appeals from the order of the trial court granting appellee's motion.

1. "It is well settled [under Georgia law] that when an injury arises out of and in the course of employment, the employee's sole remedy is against the employer, pursuant to OCGA § 34-9-11." *Labelle v. Lister*, 192 Ga. App. 464 (1) (385 SE2d 118) (1989). Appellant contends, however, that the exclusive remedy provision of the Georgia Workers' Compensation Act is not applicable in the instant case because federal law has preempted the exclusivity provision of OCGA § 34-9-11. Specifically, appellant claims that appellee breached its contractual duty to provide a safe work environment for its employees as set forth in a collective bargaining agreement entered into between appellee and the International Association of Machinists & Aerospace Workers Local Lodge 2699, a union of which appellant is a member (the "Collective Bargaining Agreement"). Since actions brought to enforce provisions contained in collective bargaining agreements are governed by federal law, appellant contends that this case "represents the classic conflict between Federal and State law," which should result in the exclusive remedy provisions of the Georgia Workers' Compensation Act being preempted by federal labor law, permitting appellant to bring a separate and distinct action against appellee outside the scope of the Workers' Compensation Act.

It is undisputed that appellant's injuries arose out of and in the course of his employment and were compensable injuries under the Georgia Workers' Compensation Act. Moreover, appellant does not contend the Georgia Workers' Compensation Act is preempted in its entirety by federal law, rather it is appellant's contention that federal law preempts only OCGA § 34-9-11, the exclusivity provision of the Act. Compare *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982); *Cox v. Brazo*, 165 Ga. App. 888 (303 SE2d 71) (1983) cited by appellant, where the plaintiffs' common-law claims for sexual assault were allowed by this court because the injuries sustained by the plaintiffs were held not to be compensable injuries under the Workers' Compensation Act (OCGA § 34-9-1 (4) excludes injuries caused by the wilful acts of third persons). The issue to be determined in the present case is whether having pursued his rights under the Georgia Workers' Compensation Act, appellant is now entitled to bring a separate and distinct action against appellee for damages.

"[W]hether a certain state action is pre-empted by federal law is one of congressional intent." *Allis-Chalmers Corp. v. Lueck*, 471 U. S. 202, 208 (105 SC 1904, 85 LE2d 206) (1985). In those instances where Congress does not state explicitly whether and to what extent it intends to preempt state law, "courts sustain a local regulation 'unless it conflicts with federal law or would frustrate the federal scheme,

or unless the courts discern from the totality of the circumstances that Congress sought to occupy the field to the exclusion of the States.' [Cit.]" Id. at 209. The National Labor Relations Act, specifically 29 USCA §§ 157 and 158 relied upon by appellant, controls the right of employees to picket and engage in collective bargaining and prohibits unfair labor practices. The Act does not create or address methods of redress for workers' accidents or create a cause of action for work-related injuries. Although § 301 of the Labor Management Relations Act (29 USCA § 185) also relied upon by appellant, creates a cause of action for the violation of provisions of a collective bargaining agreement, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law." Id. at 211. "In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." Id. at 212. Thus, the Supreme Court has established the following test for determining whether a state cause of action should be preempted under § 301: "[S]tate-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are pre-empted by [collective bargaining] agreements." Id. at 213. The question to determine, then, is whether appellant's claim against appellee is sufficiently independent of the Collective Bargaining Agreement to withstand the preemptive force of § 301.

Although the Collective Bargaining Agreement was not made a part of the record of this case, appellant excerpted the following language in his brief upon which he relies to establish the basis for his claim under § 301:

*ARTICLE I, SECTION 3.* The Company and the Union agrees with the objective of achieving the highest level of employee performance and efficiency consistent with safety, economy of operation, quality and quantity of output, sanitation, cleanliness of plant, and protection of property, and will not take, authorize or condone any action which interferes with the attainment of such objectives.

*ARTICLE XV, SECTION 1.* It is the policy of the Company to take reasonable precautions to protect the safety and health of its employees, and to require its employees to work safely. The Company, in furtherance of this policy, will regularly establish safety rules governing the employees and the operations of the plant as circumstances require.

. Under Georgia statutory and common law, an employer owes a duty to his employee to furnish a reasonably safe place to work and to exercise ordinary care and diligence to keep it safe. See, e.g., OCGA

§ 34-7-20; *Owensby v. Jones*, 109 Ga. App. 398 (1) (136 SE2d 451) (1964). The only remedy available to an injured employee for an employer's breach of duty to provide a safe work place, are the rights and remedies provided for under the Georgia Workers' Compensation Act. *Pappas v. Hill-Staton Engineers*, 183 Ga. App. 258, 260 (358 SE2d 625) (1987). The provisions of the Collective Bargaining Agreement relied upon by appellant, do not establish or create an independent legal duty or obligation on the part of appellee not already existing under Georgia law. Therefore, any liability on the part of appellee for personal injuries suffered by appellant due to the breach of any duty which may be set forth in the Collective Bargaining Agreement must be remedied pursuant to the provisions of the Georgia Workers' Compensation Act. *Sams v. United Food &c. Union*, 835 F2d 848, 850 (11th Cir. 1988). To hold otherwise, would allow employers and labor unions to use collective bargaining agreements to exempt themselves from what is nonnegotiable under Georgia law.

It is noted by this court, that even if appellant's claim of federal preemption were valid, the proper forum for any action brought by a plaintiff under § 301 of the Labor Management Relations Act is federal district court. *Allis-Chalmers Corp. v. Lueck*, supra at 220; *Sams v. United Food &c. Union*, supra at 850.

2. Appellant also contends that he may bring a separate action against appellee independent of the exclusivity provisions of the Georgia Workers' Compensation Act, because appellee concealed work place hazards in violation of OCGA § 34-7-20. We disagree.

"It is well settled that the Georgia Workers' Compensation Act precludes recovery of additional damages for willful or intentional acts of the employer so long as the injury arises out of and in the course of employment. [Cits.] 'In some jurisdictions, exceptions to this general rule are expressly provided by statute. . . . The Georgia Workers' Compensation Act makes no statutory exception to the exclusive remedy provision.' [Cit.]" *Superb Carpet Mills v. Thomason*, 183 Ga. App. 554, 556 (359 SE2d 370) (1987). Moreover, OCGA § 34-7-20 does not provide any such exception. "[T]he exclusive remedy provision of the workers' compensation laws relieves the employer not only of common law liability but also of statutory liability under state and federal statutes." *Pappas v. Hill-Staton Engineers*, supra at 260.

Relying on *Johns-Manville Prods. Corp. v. Contra Costa Superior Court*, 612 P2d 948 (Cal. 1980), appellant argues that Georgia should adopt the "dual capacity doctrine" which exists in a small number of states. This doctrine has already been rejected by this court. See *Porter v. Beloit Corp.*, 194 Ga. App. 591 (2) (391 SE2d 430 (1990). "We decline appellants' invitation to adopt the dual capacity doctrine insofar as it removes employer immunity where claims, such as those in this case, are predicated upon a mere separate relationship

or theory of liability. Any such claim against an actual or statutory employer . . . is not an action against a 'third-party tortfeasor' which avoids the immunity provided under OCGA § 34-9-11." Id. at 593. Therefore, we hold that this enumeration of error is without merit.

*Judgment affirmed. Pope, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED MAY 7, 1991 —
REHEARING DENIED JUNE 4, 1991 —

*Morris & Webster, Craig A. Webster,* for appellant.
*Langley & Lee, C. Richard Langley, L. Clayton Smith, Jr.,* for appellee.