[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-14038

_____

D. C. Docket Nos. 90-00258-CV-5 & 90-00262- CV-5

FELTON CULLEN WILLIAMS,
RICHARD L. CARTER,
ROBERT STANLEY GRIFFIN,

Plaintiffs-Appellees,

versus

OWENS-CORNING FIBERGLAS CORPORATION, et al,

Defendants,

CSX TRANSPORTATION, INC.,

Defendant-Appellant.

_____

No. 03-14508

_____

D. C. Docket No. 01-00155-CV-2

JAMES LEVERETT,
Individually and as Executor of the

Estate of Gloria Leverett, Deceased,

Plaintiff-Appellee,

versus

CSX TRANSPORTATION INC.,
Individually and as Successor in Interest to
Seaboard Systems Railroad, Inc., The Seaboard
Coastline Railroad, The Atlantic Coastline Railroad and
The Georgia and Florida Railroad,

Defendant-Appellant,

GARLOCK, INC., et al,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

**(May 13, 2004)**

Before BLACK and RONEY, Circuit Judges, and STROM[*], District Judge.

PER CURIAM:

_____

[*] Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA, PURSUANT TO O.C.G.A. § 15-2-9.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

This case consists of two separate interlocutory appeals, Appeal Nos. 03-14038 & 03-14508, involving the district court's denials of partial summary judgments to Defendant CSX Transportation, Inc. ("CSXT") on Plaintiffs' Georgia negligence claims. Plaintiffs are relatives, or personal representatives thereof, of CSXT employees who allege they were exposed at locations other than CSXT work facilities, such as at home, to asbestos fibers emitted from the work clothing worn by their CSXT-employee relatives, causing them lung diseases, other illnesses, or death. The district court held that Georgia negligence law imposed a duty of care on CSXT to its employees' family members who were exposed to that asbestos-tainted clothing. The district court reasoned that CSXT "reasonably should have foreseen that its employees' family members would come in contact with the same airborne asbestos to which its employees were exposed." Whether the district court erred in denying CSXT partial summary judgment is dependant upon whether there indeed is a duty of employers under Georgia law to third parties exposed to asbestos emitted from the clothing of its employees away from the workplace.

3

Finding no published Georgia case on point, this Court now certifies the following question of Georgia law to the Supreme Court of Georgia:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

We certify the above-styled question to the Supreme Court of Georgia. The phrasing used in this certified question should not restrict that court's consideration of the problems of state law posed by this case.

QUESTION CERTIFIED.