S04Q1573. CSX TRANSPORTATION, INC. v. WILLIAMS et al.
S04Q1574. CSX TRANSPORTATION, INC. v. LEVERETT et al.
(608 SE2d 208)

BENHAM, Justice.

Three of the four plaintiffs in these cases brought suit in federal court against CSX Transportation (CSXT) under Georgia negligence law based on each plaintiff's claim that he was exposed at home as a child to airborne asbestos emitting from the clothing his father wore while working for CSXT, and that this "clothing exposure" contributed to the plaintiff's asbestos-related disease. The fourth plaintiff brought a wrongful death action in federal court under Georgia negligence law based on his late wife's exposure at home to asbestos on clothes he wore to work at CSXT facilities, contending that exposure contributed to her asbestos-related disease. CSXT filed a

motion for summary judgment in each case, arguing that the "clothing exposure" claims are not viable under Georgia law because CSXT owed no duty to non-employees to protect them from exposure to airborne asbestos emitting from its employees' work clothing away from the CSXT workplace. The federal district court denied each motion, but recognizing the issue of duty raised by CSXT was one of first impression in Georgia, granted CSXT leave to seek interlocutory appeal, staying these and all other "clothing exposure" claims pending resolution of the appeals. The United States Court of Appeals for the Eleventh Circuit granted the interlocutory appeals on the "clothing exposure" issue and, by order filed May 13, 2004, certified the following question to this court:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

"Before negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have averted or avoided the injury or damage. [Cit.]" (Punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770 (1) (514 SE2d 195) (1999). "Under Georgia statutory and common law, an employer owes a duty to his employee to furnish a reasonably safe place to work and to exercise ordinary care and diligence to keep it safe. [Cits.]" *Dugger v. Miller Brewing Co.*, 199 Ga. App. 850 (1) (406 SE2d 484) (1991). However, those to whom CSXT would owe the duty advanced by the plaintiffs were not at the time of the alleged breach of duty employees of CSXT and were not exposed to any danger in the workplace, so that duty was not owed to them.

In denying summary judgment to CSXT and in its unpublished order in an earlier "clothing exposure" case (*James v. CSX Transp.*, No. CV-590-250 (S.D. Ga. 2001)), the federal district court relied on *Hitachi Chemical Electro-Products v. Gurley*, 219 Ga. App. 675 (1) (466 SE2d 867) (1995), as establishing a duty on the part of an employer to protect third parties from exposure to hazardous substances, independent of the location of exposure. However, the federal district court's analysis of *Hitachi* appears to be largely based on a misapprehension of the specific cause of action being discussed by the Court of Appeals of Georgia in that case. The plaintiffs in that case, children of the defendant's employees, were born with birth defects alleged to have been caused by exposure to chemicals at the parents' workplace. The district court noted that the complaint was ambiguous about whether the children were exposed to chemicals on the

defendant's premises after their conception or were injured solely by their parents' pre-conception exposure to the chemicals, and therefore discounted the importance of location in determining whether a duty was owed. The Court of Appeals of Georgia, however, pointed out that the parties claimed the exposure to the chemicals occurred "at the Hitachi factory." *Hitachi,* supra at 676. The Court of Appeals also made clear that the cause of action it was discussing involved pre-conception exposure of the parents to the chemicals, not post-conception, prenatal exposure of the children themselves to the chemicals. Thus, *Hitachi* does not support the district court's conclusion that location is not a factor in determining whether a duty is owed and *Hitachi* is not, as the district court held, "almost identical" to the case at bar.

In *James,* supra, the district court relied on foreseeability as a basis for extending the employer's duty beyond the workplace. However, mere foreseeability was rejected by this Court as a basis for extending a duty of care in *City of Douglasville v. Queen,* supra, where the foreseeability of parade attendees walking on railroad tracks adjacent to the parade route did not extend a municipality's duty to exercise ordinary care for their protection to a duty to protect them from being hit by a train, and in *Badische Corp. v. Caylor,* 257 Ga. 131, 133 (356 SE2d 198) (1987), where the foreseeability of third parties relying on financial statements was held not sufficient to extend to those third parties the duty of care owed to the client by the accountant who prepared the statements. We recognize, as did the court in *Widera v. Ettco Wire and Cable Corp.,* 204 AD2d 306, 307-308 (611 NYS2d 569) (NYAD 2 Dept., 1994),

> that "in fixing the bounds of duty, not only logic and science, but policy play an important role." [Cit.] However, it must also be recognized that there is a responsibility to consider the larger social consequences of the notion of duty and to correspondingly tailor that notion so that the illegal consequences of wrongs are limited to a controllable degree. [Cits.] The recognition of a common-law cause of action under the circumstances of this case would, in our opinion, expand traditional tort concepts beyond manageable bounds and create an almost infinite universe of potential plaintiffs. Accordingly, we decline to promulgate a policy which would extend the common law so as to bring the . . . plaintiff[s] within a class of people whose interests are entitled to protection from the defendant's conduct.

As the New York court did in *Widera,* we decline to extend on the basis

of foreseeability the employer's duty beyond the workplace to encompass all who might come into contact with an employee or an employee's clothing outside the workplace.

In *James*, and in the present cases by reliance on *James*, the district court examined duties beyond the scope of an employer's duty to provide a safe workplace, citing *United States v. Aretz*, 248 Ga. 19, 26 (B) (5) (280 SE2d 345) (1981), which held that "where one by his own act, although without negligence on his part, creates a dangerous situation, he is under a duty to remove the hazard or give warning of the danger so as to prevent others from being injured where it is reasonably forseeable that this will occur." However, these cases do not involve CSXT itself spreading asbestos dust among the general population, thereby creating a dangerous situation in the world beyond the workplace. Thus, *United States v. Aretz*, supra, and the concept it sets forth have no applicability to the issues presented in this case.

More closely related conceptually and factually to the case at bar is *Widera v. Ettco Wire and Cable Corp.*, supra, where a worker's clothing was contaminated at the workplace by lead dust and chemicals with which his wife came into contact when she washed them, contact that was alleged to have caused birth defects in their child with whom she was pregnant at the time. The court in that case held the common law duty to provide employees with a safe workplace "has not been extended to encompass individuals, such as the infant plaintiff, who are neither 'employees' nor 'employed' at the worksite. [Cits.] Nor does our research reveal a reported case from any jurisdiction where an employer's duty has been interpreted to extend to a person, such as the infant plaintiff, who is injured in the manner alleged herein." Id. at 307. We conclude that the holding in *Widera* is consistent with negligence law in Georgia and hold that an employer does not owe a duty of care to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace.

We recognize that New York has recently retreated from the position it took in *Widera*, choosing to distinguish that case from one involving a wife alleging injury from asbestos brought home on her husband's work clothes

> because [*Widera*] involved the unique question of a tortfeasor's liability to an infant for injuries occurring while in utero. This added wrinkle altered the duty analysis in a fundamental way since the Widera Court was required to determine whether a defendant owed a duty of care to a plaintiff who was not even born at the time of its negligent conduct.

*In re New York City Asbestos Litigation*, 786 NYS2d 26, 31 (NYAD 1 Dept., 2004). Though the New York court chose to distinguish *Widera* on a narrow factual point, the rationale of the case makes clear it has abandoned the policy consideration informing that decision. We believe, however, the policy enunciated in *Widera* remains valid and choose, therefore, to adhere to the position that an employer's duty to provide a safe workplace does not extend to persons outside the workplace.

Having concluded that the employer's duty to provide a safe workplace is not to be extended to persons outside the workplace and that general principles concerning a duty to prevent harm after creating a dangerous situation do not apply in the context of these cases, we answer the question posed by the Eleventh Circuit Court of Appeals in the negative: Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace.

*Question answered. All the Justices concur.*

DECIDED JANUARY 24, 2005.

*Jordan & Moses, Randall A. Jordan, Mary H. Moses*, for appellant.

*Lane & Gossett, Roger B. Lane*, for appellees.