[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-14038

_____

D. C. Docket Nos. 90-00258-CV-5 & 90-00262- CV-5

FELTON CULLEN WILLIAMS,
RICHARD L. CARTER, et al.,

Plaintiffs-Appellees,

versus

OWENS-CORNING FIBERGLAS CORPORATION, et al,

Defendants,

CSX TRANSPORTATION, INC.,

Defendant-Appellant.

_____

No. 03-14508

_____

D. C. Docket No. 01-00155-CV-2

JAMES LEVERETT,
Individually and as Executor of the
Estate of Gloria Leverett, Deceased,

versus

CSX TRANSPORTATION INC.,
Individually and as Successor in Interest to
Seaboard Systems Railroad, Inc., The Seaboard
Coastline Railroad, The Atlantic Coastline Railroad and
The Georgia and Florida Railroad,

Defendant-Appellant,

GARLOCK, INC., et al,

Defendants.

_____

Appeals from the United States District Court
for the Southern District of Georgia
_____

**(April 14, 2005)**

Before BLACK, RONEY and STROM[*], Circuit Judges.

PER CURIAM:

These separate interlocutory appeals, Nos. 03-14038 & 03-14508, are again

_____

[*] Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

before this Court after the Supreme Court of Georgia's answer to our Certified Question of State Law. Plaintiffs are relatives, or personal representatives thereof, of Defendant CSX Transportation ("CSXT") employees who allege in the diversity jurisdiction case they were exposed at locations other than CSXT work facilities, such as at home, to asbestos fibers emitted from the work clothing worn by their CSXT-employee relatives, causing them, among other things, lung diseases. The district court denied CSXT's motions for partial summary judgments on plaintiffs' negligence claims under Georgia negligence law. We reverse.

As we recently explained, "the district court held that Georgia negligence law imposed a duty of care on CSXT to its employees' family members who were exposed to that asbestos-tainted clothing." *Williams v. Owens-Corning Fiberglas Corp.*, 369 F.3d 1269, 1270 (11th Cir. 2004). Because we found no published Georgia case on point, we certified the following question of Georgia law to the Supreme Court of Georgia:

> Whether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace, such as the employee's home?

369 F.3d at 1270.

The Supreme Court of Georgia has now answered our question in the negative

as follows, "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace." *See CSX Transp., Inc. v. Williams, et al.*, 608 S.E.2d 208, 210 (Ga. Jan. 24, 2005).

It was therefore error for the district court to deny CSXT's motions for partial summary judgment on the ground that CSXT owed such a duty of care. The judgment denying CSXT's motions for summary judgment are reversed and the cases are remanded to the district court for proceedings consistent with the Georgia State Law.

REVERSED AND REMANDED.