DILLARD, Judge,
concurring in part and dissenting in part.
The trial court correctly granted summary judgment as to all of Fletcher’s claims. Thus, I concur fully with Divisions 1 (a), (d) and 2 of the majority’s opinion. However, I respectfully dissent as to Division 1 (b) and (c) of the majority’s opinion, in which it contends that genuine issues of material fact remain as to whether CertainTeed owed Fletcher any duty.
Both Fletcher’s negligent-design and duty-to-warn claims are grounded in negligence, and it is well established that “[i]n order to have a viable negligence action, a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty.”[5] A legal duty, of course, is the obligation to “conform to a standard of conduct under the law for the protection of others against unreasonable risks of harm.”[6] And importantly, “[t]he existence of a legal duty is a question of law for the court.”[7]
In this matter, Fletcher argues that CertainTeed owed her a duty because it was foreseeable that the asbestos contained in its products would contaminate her father’s work clothes and then expose family members tasked with washing those clothes. However, in CSXTransp. v. Williams,[8] the Supreme Court of Georgia rejected a nearly identical theory of duty. Specifically, in Williams, the plaintiffs sued their fathers’ employer, CSXT, claiming that they were exposed to asbestos from the clothing their fathers wore while working for CSXT and that such exposure contributed to their asbestos-related disease.[9] Determining whether CSXT owed plaintiffs a legal duty, the Supreme Court noted:
[I]n fixing the bounds of duty, not only logic and science, but policy play an important role. However, it must also be recognized that there is a responsibility to consider the *704 larger social consequences of the notion of duty and to correspondingly tailor that notion so that the illegal consequences of wrongs are limited to a controllable degree. The recognition of a common-law cause of action under the circumstances of this case would, in our opinion, expand traditional tort concepts beyond manageable bounds and create an almost infinite universe of potential plaintiffs.[10]
Accordingly, the Court declined “to extend on the basis of foreseeability the employer’s duty beyond the workplace to encompass all who might come into contact with an employee or an employee’s clothing outside the workplace.”* [11]
Although it acknowledges Williams, the majority concludes that it “is not controlling when determining whether a manufacturer violated its duty of care in a design defect case.” (Emphasis supplied.) But such a conclusion amounts to question begging given that Williams does not address whether a duty was violated, but rather is concerned with whether a duty is even owed as an initial matter.[12] And as the majority also acknowledges, establishing a legal duty in the first place is essential for stating a cause of action for negligence in Georgia.[13]
In contrast to the majority, it is my view that the Supreme Court of Georgia’s limitation on the parameters of who is owed a legal duty, as analyzed in Williams, also applies to limit the scope of the duty owed by manufacturers such as CertainTeed in this matter. Indeed, such manufacturers of asbestos-containing products are even further removed from household-exposure plaintiffs than an employer who utilizes such products at its worksite. And given such circumstances, finding as a matter of law that one so far removed, nevertheless, owes a duty to such a plaintiff “expand[s] traditional tort concepts beyond manageable bounds” and, in fact, creates the “almost infinite universe of potential plaintiffs” against which Williams warns.[14] Accord *705 ingly, I would affirm the trial court’s grant of summary judgment in its entirety.
Decided July 16, 2015 —
Reconsideration denied July 31, 2015
Buck Law Firm, Robert C. Buck, Juliana Y. Sleeper, for appellant.
Schiff Hardin, Leah Ward Sears; Demahy, Labrador, Drake, Victor & Cabeza, Michael J. Crist; Hawkins, Parnell, Thackston & Young, E. Elaine Shofner, Elisabeth M. Cheatham, for appellees.
For all of the foregoing reasons, I concur fully with Divisions 1 (a), (d) and 2 of the majority’s opinion, but I respectfully dissent as to Division 1 (b) and (c).
I am authorized to state that Judge Ray and Judge McMillian join in this opinion.

 Rasnick v. Krishna Hospitality, Inc., 289 Ga. 565, 566 (713 SE2d 835) (2011).

 Id.

 Id. at 567.

 278 Ga. 888 (608 SE2d 208) (2005).

 Id.

 Id. at 890 (punctuation omitted) (citing Widera v. Ettco Wire and Cable Corp., 204 AD2d 306, 307-08 (611 NYS2d 569) (1994)).

 Williams, 278 Ga. at 890-91.

 See id. at 889 (explaining that the question certified is “[w]hether Georgia negligence law imposes any duty on an employer to a third-party, non-employee, who comes into contact with its employee’s asbestos-tainted work clothing at locations away from the workplace, such as the employee’s home?”).

 Bradley Center v. Wessner, 250 Ga. 199, 200 (296 SE2d 693) (1982); accord Rasnick, 289 Ga. at 566; Williams, 278 Ga. at 889; Diamond v. Dep’t of Transp., 326 Ga. App. 189, 193 (2) (756 SE2d 277) (2014).

 Williams, 278 Ga. at 890.