# IN THE SUPREME COURT OF IOWA

No. 19–1640

Submitted February 16, 2021—Filed March 19, 2021

**KRISTINA LEWIS,**

Appellant,

vs.

**HOWARD L. ALLEN INVESTMENTS, INC., HOWARD L. ALLEN, METRO INVESTMENTS** and **YOGURT & MORE, INC.,**

Appellees.

---

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

The plaintiff appeals from the district court's grant of summary judgment holding that the defendants owed no duty of care on the plaintiff's negligence cause of action. **AFFIRMED.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Eashaan Vajpeyi (argued) and H. Daniel Holm Jr. of Ball, Kirk & Holm PC, Waterloo, for appellant.

Henry J. Bevel III (argued) of Swisher & Cohrt, P.L.C., Waterloo, for appellees Howard L. Allen Investments, Inc., and Howard L. Allen.

Thomas C. Verhulst (argued) of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellees Metro Investments and Yogurt & More, Inc.

**McDERMOTT, Justice.**

Howard L. Allen Investments, Inc. ("Allen Investments") sold a house under a contract of sale. The contract required the buyers to make monthly payments to Allen Investments for ten years, at which time the contract would be paid in full. Allen Investments would remain on the deed until payment in full but would have no right to possess or enter the property during the payment period.

About five years into the payment period, the buyers leased the house to a tenant named Kristina Lewis and her fiancé. Several months later the house caught fire, and Lewis suffered serious injuries. Lewis, seeking damages for negligence, sued both the buyers who leased her the house and Allen Investments. The district court granted summary judgment in Allen Investments' favor, holding that the entity as contract seller owed no duty to Lewis. In an appeal that requires us to interpret for the first time several interrelated definitions in Iowa's Uniform Residential Landlord and Tenant Act, Iowa Code chapter 562A, we must answer whether a seller of a property under a contract of sale owes a duty to a contract buyer's tenant.

Lewis sued not only the buyers and Allen Investments but also Allen Investments' president and (under an alter ego theory) its shareholders Metro Investments, LLC, and Yogurt & More, Inc. As to the buyers of the property under the contract of sale, Lewis claimed they were liable "[b]y virtue of their position as lessors" of the property. As to Allen Investments and its related codefendants (for simplicity, "Allen Investments"), Lewis claimed they were liable "[b]y virtue of their position as deed holders" of the property. Lewis alleged all the defendants had a duty to exercise reasonable care to maintain the house in a safe condition for the tenants, including particularly a duty to provide functioning fire safety equipment

such as smoke detectors and fire extinguishers. The petition included an allegation that the defendants failed to provide fit premises in violation of Iowa Code chapter 562A. She sought damages for negligence that included past and future medical expenses, past and future loss of full mind and body, past and future mental and physical pain and suffering, loss of earnings and earning capacity, and punitive damages.

To maintain a claim for negligence, Lewis must prove that Allen Investments owed a duty to protect her from the harm she suffered. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 834 (Iowa 2009). Whether a defendant owes a duty of care under particular circumstances is a question of law for the court to decide. *Hoyt v. Gutterz Bowl & Lounge, L.L.C.*, 829 N.W.2d 772, 775 (Iowa 2013). The district court in granting summary judgment held that Allen Investments owed Lewis no duty of care and thus dismissed the negligence claim. We review the district court's ruling for correction of legal error. *Van Fossen v. MidAm. Energy Co.*, 777 N.W.2d 689, 692 (Iowa 2009).

In *Junkin v. McClain*, decided in 1936, we described a "contract of sale" as a "contract for sale of real estate with the legal title of record retained by the seller, pending payment of the purchase price, and upon completion of payment of such purchase price the instrument transferring the legal title to be delivered to purchaser." 221 Iowa 1084, 1089, 65 N.W. 362, 365 (1936). We held in *Junkin* that the seller under a contract of sale holds legal title simply as security for the contract buyer's payment of the remaining debt. *Id.*

In *Hollingsworth v. Schminkey*, we analyzed whether a seller under a contract of sale could be held liable for a rutted driveway on the property that damaged a car's muffler and put into motion a series of injuries after carbon monoxide leaked into the passenger compartment.

553 N.W.2d 591, 599 (Iowa 1996). We found that the contract sellers had no right to possess the property and thus owed no duty under a negligence theory to keep or maintain the driveway in a safe condition. *Id.*

But Lewis argues that *Hollingsworth* doesn't control the outcome of the duty analysis in this case because *Hollingsworth* didn't involve a tenant–landlord relationship. Lewis points us instead to a statute— chapter 562A—that she contends explicitly defines Allen Investments' role as a "landlord" that owes duties to her as tenant. Section 562A.15 imposes a duty on the landlord to maintain fit premises, including complying with the requirements of "housing codes materially affecting health and safety" and doing "whatever is necessary to put and keep the premises in a fit and habitable condition." Iowa Code § 562A.15(1)(*a*)(1), (2) (2019).

Lewis argues the definition of "landlord" in section 562A.6(5) imposes liability on not only the buyers—with whom Lewis had a written lease agreement and to whom she paid rent—but also Allen Investments as the seller that remained on the deed while the buyers paid off the house under the contract of sale. As relevant here, that subsection defines "landlord" as "the owner, lessor, or sublessor of the dwelling unit or the building of which it is a part." *Id.* § 562A.6(5). Lewis argues Allen Investments' name on the deed makes it an "owner" under this definition.

The word "owner" is separately defined in the statute as "one or more persons, jointly or severally, in whom is vested . . . [a]ll or part of the legal title to property; or . . . [a]ll or part of the beneficial ownership and a right to present use and enjoyment of the premises," including a mortgagee in possession. *Id.* § 562A.6(6)(*a*)–(*b*). Under Lewis's reading of the statute, the buyers (as "lessor") and Allen Investments (as "owner" because its name remained on the deed during the contract-of-sale purchase period) each owed her a duty of care to maintain the premises.

Lewis's interpretation—that where there's a distinct owner and distinct lessor in a particular case then *both* are "landlords" and are thus jointly and severally responsible to maintain the property—lacks textual (and *context*ual) support in this case. In the definitions Lewis relies on, small words do important work. Again, "landlord" means "*the* owner, lessor, *or* sublessor." *Id.* § 562A.6(5). The word "the" used with "or" can reasonably be read to suggest a limitation on who or what fulfills the role of "landlord." *See Doe v. State*, 943 N.W.2d 608, 611 (Iowa 2020) (use of the definite article "the" particularizes the following noun). Lewis's argument suggests a reading not with the limiting force of "the" but with an "indefinite or generalizing force of 'a' or 'an.'" *Id.* (quoting *Am. Bus. Ass'n v. Slater*, 231 F.3d 1, 4–5 (D.C. Cir. 2000)). Use of "the" coupled with "or" suggests that the landlord could be "the owner" or "the lessor," but nothing in the definition of "landlord" requires us to consider them *both* to serve as *a* landlord simultaneously. The code subsection that Lewis cites to argue that Allen Investments owed a duty to maintain fit premises, section 562A.16, similarly refers throughout to "*the* landlord," again suggesting that the duty resides with a particular landlord and not some coexisting collection of them. *See* Iowa Code § 562A.15 (referencing "the landlord" nine separate times).

The context in which we apply these definitions also undercuts a multiple-landlord reading as well. The introductory paragraph preceding the list of definitions in section 562A.6 begins with an important limitation: words bear the definitions provided *but* "[s]ubject to additional definitions contained in subsequent articles of this chapter which apply to specific articles or its parts, *and unless the context otherwise requires.*" *Id.* § 562A.6 (emphasis added). And here, as in all instances of statutory construction, context matters. *See Iowa Ins. Inst. v. Core Grp. of the Iowa*

*Ass'n for Just.*, 867 N.W.2d 58, 72 (Iowa 2015). Chapter 562A establishes rights and responsibilities as between a tenant and landlord. "Tenant" is defined as "a person entitled *under a rental agreement* to occupy a dwelling unit to the exclusion of another." Iowa Code § 562A.6(16) (emphasis added). "Rent" is defined as "a payment to be made to the landlord under the rental agreement." *Id.* § 562A.6(10). The connection between "tenant," as person with a rental agreement, and "landlord," who receives rent under that rental agreement, provides context for how we define "landlord."

Lewis occupied the property under a rental agreement with the contract-of-sale buyer; Allen Investments as the contract-of-sale seller was not a party to the rental agreement. Indeed, Allen Investments had no knowledge of the rental agreement (nor were the buyers required to provide Allen Investments notice of it) and had no possession or control of the property. Lewis paid no "rent" to Allen Investments. That Allen Investments received insurance proceeds from the fire damage to the property isn't "rent" and doesn't somehow morph Allen Investments into the landlord under chapter 562A.

Because Allen Investments owed no duty of care to Lewis to maintain the property, we affirm the district court's summary judgment ruling and the dismissal of Lewis's claims against Allen Investments.

**AFFIRMED.**